[Civ. No. 2221.   Second Appellate District.—March 15, 1917.]

SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent, v. H. W. BLAISDELL et al., Appellants.

VENDOR AND PURCHASER—CONTRACT OF SALE—RESTRICTION AGAINST SALE OF INTOXICANTS—FORFEITURE FOR BREACH.—A vendor under a contract for the sale of real property is not estopped from enforcing forfeiture of the interest acquired by the vendees under the contract for breach of a condition providing against the sale of intoxicating liquors on the premises, because it accepted payment of money on account of the contract price after breach, where it at the time of such acceptance had no knowledge of the breach.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Rowen Irwin, for Appellants.

Frank McGowan, Frank Thunen, and Wm. M. Singer, for Respondent.

CONREY, P. J.—This action in substance is one to enforce forfeiture of the interest acquired by the defendants or some of them under a contract of sale of real property; the cause of action being based upon defendants' breach of a condition providing against the sale of intoxicating liquors upon the sold premises.   The contract is in like form and the complaint is in substance the same as in *Southern Pacific R. R. Co.* v. *Blaisdell, ante,* p. 239, [164 Pac. 804], wherein judgment in favor of the plaintiff has been this day affirmed.

The contract in this case provided for the sale and conveyance to H. W. Blaisdell of lots 26 to 30 in block 2 in the town of Moron in Kern County.   It was dated January 28, 1910, at which time one-third of the purchase price was paid, and the second and third payments were to be made on January 28, 1911, and January 28, 1912, respectively.   We will confine our discussion to the one proposition urged as a ground for reversal herein, not included in the other case.

The judgment quiets the plaintiff's title to lot 29 only, and enjoins the defendants from selling intoxicating liquors upon that lot.   The appeal is from that judgment.

Appellants claim that the plaintiff is estopped to enforce a forfeiture because it received from Blaisdell money on account of the contract price after a saloon had been opened in which the business of selling intoxicating liquors was conducted. There is evidence tending to show that on January 13, 1911, a saloon was opened on lot 29 under a lease from Blaisdell. Final payment on the contract was made by Blaisdell at about that time.   The receipt given by plaintiff company for that money bears date January 24th.   The witness McAllaster, who was in charge of the land business of the plaintiff in its office at San Francisco, testified that the money came to that office three or four days before the date of the receipt; that "the money was credited on the contract covering lots 26 to 30 because we did not know of any violation.   Subsequently we learned of the violation, and learned of it before the deed was finally executed, and did not deliver the deed."

The answer of the defendants did not attempt to state a defense upon the ground that plaintiff had commenced and prosecuted its action without offering to return to Blaisdell the money paid by him.   The defense most nearly touching this matter is found in the allegation that on or about Novem-

ber 25, 1910, plaintiff consented that a saloon for the purpose of selling alcoholic and other liquors might be conducted upon the sold premises; that upon the faith of that consent the defendant Woods had expended a large sum of money; and that therefore the plaintiff should be estopped from enforcing the anti-saloon condition of the contract. There was a total failure to prove consent so alleged to have been given by the plaintiff, and there is no evidence that the defendant Blaisdell, or any one claiming under him, has ever demanded or offered to receive from the plaintiff any money on account of this contract.

If the deed had been executed, and then the grantor had sought to obtain a reconveyance because of a subsequently discovered breach of the condition stated in the deed, such action could have been maintained without returning to grantee the consideration paid for the property. We perceive no reason why the purchaser has any better right to claim return of money which he has paid on his contract, where no deed has been made, and where he is guilty of breach of a like condition and is made defendant in an action to have it declared that, by reason of such breach, his rights under the contract are at an end.

The judgment is affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 10, 1917.