[Sac. No. 862.   Department One. — August 12, 1901.]

ALBERT PAPST, Respondent, v. J. C. HAMILTON et al.,
Appellants.

DEED — CONDITIONAL ESTATE — USE FOR EDUCATIONAL PURPOSES — RE-
ENTRY CLAUSE NOT ESSENTIAL — TERMINATION OF ESTATE. — A deed
conveying to grantees named therein a joint estate, upon conditions
that the premises should be used solely for erecting, furnishing,
keeping, and maintaining thereon an academic or collegiate school,
etc., and for no other purpose, creates a conditional estate in the
grantees, and a re-entry clause is not essential to authorize the
grantor to terminate the estate by re-entry after a substantial
breach of the conditions.

ID. — ACTION TO CANCEL DEED AND QUIET TITLE — SUFFICIENCY OF COM-
PLAINT — BREACH OF CONDITIONS — ABANDONMENT — POSSESSION OF
PLAINTIFF. — A complaint of the grantor, in an action to cancel the
deed, and to quiet his title against the grantees, states a sufficient
cause of action, if it sets forth the deed and the conditions con-
tained therein, and shows a total breach thereof for more than five
years, an entire abandonment of the premises by the grantees, and
that plaintiff is in possession thereof.   Upon the re-entry by plaintiff
into the alleged possession, he became seised of his first estate, and
the estate of the grantees having been terminated, the plaintiff was
in a position to maintain the action.

APPEAL from a judgment of the Superior Court of Glenn
County.   Oval Pirkey, Judge.

The facts are stated in the opinion.

H. P. Andrews, for Appellants.

Conditions subsequent, divesting an estate, are not favored
in law, and are strictly construed.   Language must be used
which *ex proprio vigore* imports such a condition, and it will not
be raised readily by inference.   (Devlin on Deeds, 970; *Behlow*
v. *Southern Pacific R. R.*, 130 Cal. 16; *Cullen* v. *Sprigg*, 83 Cal.
56; *Rawson* v. *Inhabitants of School District No. 5*, 7 Allen,
125, 127;[1] *Menifield* v. *Cobleigh*, 4 Cush. 178, 184; *Thornton* v.
*Trammell*, 39 Ga. 202.)   A restriction to particular purposes
must receive a construction against a forfeiture.   (Devlin on
Deeds, 972, 991, 992; *Hamilton* v. *Elliott*, 5 Serg. & R. 383;
*Poitevent* v. *Hancock County Supervisors*, 58 Miss. 810; *Sohier*

[1] 83 Am. Dec. 670.

v. *Trinity Church,* 109 Mass. 19; *Kilpatrick* v. *Mayor of Baltimore,* 81 Md. 179.[1])

Frank Freeman, and Charles L. Donohoe, for Respondent.

In construing a condition subsequent, "the intention of the grantor governs." (6 Am. & Eng. Ency. of Law, 502; Devlin on Deeds, sec. 958; *Indianapolis etc. R. R. Co.* v. *Hood,* 66 Ind. 580.) The failure to maintain the school specified for the period of five years, or the entire abandonment of the property, establishes a breach, for which the property reverts upon re-entry of the grantor. (*Parsons* v. *Smilie,* 97 Cal. 650, 652, 658; *Indianapolis etc. R. R. Co.* v. *Hood,* 66 Ind. 580; *Pepin County* v. *Prindle,* 61 Wis. 301; *Kirk* v. *King,* 3 Pa. St. 436; *Louisville etc. R. R. Co.* v. *Covington,* 2 Bush, 526; *Sperry* v. *Pond,* 5 Ohio, 387;[2] *Congregational Society* v. *Stark,* 34 Vt. 243; *Scott* v. *Stipe,* 12 Ind. 76; *Austin* v. *Cambridgeport Parish,* 21 Pick. 215; *Allen* v. *Howe,* 105 Mass. 241.)

SMITH, C.—Appeal by the defendants from a judgment for plaintiff on demurrer to the complaint. The complaint alleges the ownership of certain land by the plaintiff, December 8, 1882, and the execution by him of a deed, of that date, to the defendants, and others now deceased, conveying to them, "as joint tenants, with right of survivorship as such, and not as tenants in common," etc., the land mentioned, "upon the conditions, however, that the premises shall be used solely for the purpose of erecting, furnishing, keeping, and maintaining thereon an academic or collegiate school for the purpose of educating the young people and students in the higher as well as more common and useful branches of education, and for a residence or residences thereon for the professors or teachers and students of the said institution while engaged in their duties therein, and for no other purpose whatever." It is alleged in the complaint, "that for more than five years last past the said grantees in the said deed, or their successors, have failed and neglected to use the premises described in the said deed for the purpose, or any of the purposes, above specified as a consideration for the said deed, and have entirely abandoned the said premises," it being, in effect, admitted that the defendants entered upon the performance of the conditions specified in the deed, and performed all the conditions

---

[1] 48 Am. St. Rep. 509.                    [2] 24 Am. Dec. 296.

named for several years.   It is also alleged that the plaintiff is in possession of the premises described in the deed.   The relief demanded is the cancellation of the deed and the quieting of plaintiff's title.

The complaint, we think, was sufficient, and the demurrer to it rightly overruled.   The language used, both in its technical and popular sense, "*ex proprio vigore* imports a condition, or the intent of the grantor to make a conditional estate" (*Rawson* v. *School District No. 5*, 7 Allen, 125,[1] and authorities cited); and where this is the case, a clause of re-entry is unnecessary.   (4 Kent's Commentaries, marg. pp. 123, 124.) The complaint alleges a continued failure of the defendants to perform the condition for over five years, and "that they have entirely abandoned the said premises," and also that the plaintiff is in possession of the premises.   (*Hamilton* v. *Elliott*, 5 Serg. & R. 375.)   Upon the entry of the plaintiff, he became seised as of his first estate, and the estate of the defendants terminated.   (4 Kent's Commentaries, marg. p. 126.)   He was therefore in a position to maintain his action for the cancellation of the deed and the quieting of his title.   (*Liebrand* v. *Otto*, 56 Cal. 242; *Parsons* v. *Smilie*, 97 Cal. 647.)

I advise that the judgment be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.            Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.

[1] 83 Am. Dec. 670.