[Civ. No. 2220.   Second Appellate District.—March 15, 1917.]

## SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent, v. H. W. BLAISDELL et al., Appellants.

DEED—CONTRACT OF SALE RESTRICTING SALE OF INTOXICATING LIQUORS—RIGHT TO ENFORCE FORFEITURE — RETURN OF PURCHASE MONEY—INSUFFICIENT REPUDIATION BY VENDOR.—Where a contract of sale of real property contained a provision that when the deed was made it should include a condition that the premises should never be used as a place of business for the sale of intoxicating liquors, and that the title conveyed should revert to the vendor upon breach of that condition, the vendor, upon a threatened breach of such condition, is not deprived of his rights to enforce a forfeiture of the vendee's rights under the contract, by the return to the vendee of the balance of the purchase price, which had been paid before due, as the vendor was not obliged to receive payment, and was justified in declining to proceed until it could be assured that the purchaser would not carry into effect his threatened violation of his covenants.

ID.—INJUNCTION—FURTHER BREACH—LACK OF PREJUDICE.—Where the rights of the vendee under such a contract are forfeited, an injunction restraining a further breach is not prejudicial to the vendee, as he has no further right to occupy the premises.

ID.—BREACH OF CONDITION—RIGHT OF VENDOR.—Upon such a breach, the vendor may refuse to execute the deed and may quiet his title against the purchaser's claims under the contract.

ID.—INSUFFICIENT SHOWING OF MONOPOLY.—The rule that where the owner of the land designed as a site for a town inserts in all deeds made by him a condition against the sale of intoxicating liquors on the land conveyed, solely for the purpose of reserving to himself a

monopoly of such business, the condition is void as against public policy and its breach will not work a forfeiture to the estate granted, has no application to such case, where the evidence did not show that there was a design to create a monopoly.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Rowen Irwin, for Appellants.

Frank McGowan, Frank Thunen, and Wm. M. Singer, for Respondent.

CONREY, P. J.—Under date of January 28, 1910, a contract was entered into between the plaintiff as vendor and the defendant H. W. Blaisdell as vendee, whereby the plaintiff sold to Blaisdell lots 15 and 16 of block 2 of the town of Moron in Kern County, which town afterward was incorporated as the city of Taft. It was agreed that the conveyance when made should include a condition that the premises should never be used as a place of business for the sale of intoxicating liquors, and that the title conveyed should revert to the vendor upon breach of that condition. The complaint asked for an injunction restraining the defendants from selling or keeping for sale intoxicating liquors upon the said lots, sought to quiet title to the same premises, and that plaintiff recover possession thereof. The appeal is from that portion of the judgment which granted the desired relief. No recovery was had as to lot 15.

One-third of the contract price was paid at the execution of the agreement. The second payment was to become due January 28, 1911, and the final payment on January 28, 1912. The purchaser was permitted to take possession when the contract was made. On January 16, 1911, Blaisdell entered into a contract of lease with defendants Dover and Wilson for five years. The lease did not state the purpose for which the lessees were to use the premises. On the same day the same parties entered into a collateral contract that Dover and Wilson would discontinue the sale of intoxicating liquor on those premises within five days after demand made upon them in writing so to do. By that agreement Blaisdell stip-

ulated that he would not molest or cause any trouble to Dover and Wilson with reference to the sales of liquors on said property, "unless compelled by the Southern Pacific Railroad Company under penalty of forfeiture," etc. The lessees proceeded to furnish the room located on lot 16 as a saloon, stocked it with intoxicating liquors, and commenced to do business there on the thirteenth day of March, 1911. On or about January 18, 1911, defendant Blaisdell paid to the agent in charge of the sale of plaintiff's land at Taft the full balance due upon the purchase price of said lots, and a few days later this money was returned to him. It does not appear that Blaisdell declined to receive this money, or that he ever made any demand for a deed. As soon as the actual business of the saloon was commenced, notices declaring forfeiture of the contract were served by the plaintiff. Service was made on Dover and Wilson on the thirteenth day of March, 1911, and on Blaisdell on March 16, 1911, and on the other defendants within a few days thereafter.

Defendants claim that the plaintiff repudiated its contract before any violation of the condition had occurred, and that the plaintiff having thus failed to fulfill all conditions precedent thereto imposed upon itself, it is not entitled to enforce a forfeiture of Blaisdell's rights under the contract. This contention should not be sustained. First, it may be noted that on January 18, 1911, no money was due and the plaintiff was not obliged to receive payment. And if it be admitted that the money was returned because plaintiff had learned of the preparations which were being made to violate the conditions of the contract which provided against the sale of intoxicating liquors on the premises, then the vendor was justified in declining to proceed further with the contract until it could be assured that the purchaser would not carry into effect this threatened violation of his covenants.

·Appellants next urge that the plaintiff is not entitled to the permanent injunction which it seeks. Under this head they say that the plaintiff has a plain, speedy, and adequate remedy at law; that plaintiff will not be irreparably damaged by failure to issue an injunction; and that equity will not lend its aid to bring about or enforce a penalty or a forfeiture. It seems unnecessary to go into this question. If the contract has been forfeited, and if the plaintiff is entitled to a decree quieting its title as against the contract equities

of the purchaser, it would seem that the defendants cannot suffer any recognizable or legal prejudice by the injunction, since they have no further right to occupy the lot on which the saloon business was conducted.

We do not observe that appellants contend against the proposition that conditions designed to prevent the use of sold or conveyed premises as a place of business for the sale of intoxicating liquors, are enforceable. "Where a grant is made upon condition subsequent, and is subsequently defeated by the nonperformance of the condition, the person otherwise entitled to hold under the grant must reconvey the property to the grantor or his successors, by grant, duly acknowledged for record." (Civ. Code, sec. 1109; *Firth* v. *Marovich*, 160 Cal. 257, [Ann. Cas. 1912D, 1190, 116 Pac. 729]; *Quatman* v. *McCray*, 128 Cal. 285, [60 Pac. 855].) And since a reconveyance may be compelled where the grant has been made and the condition subsequent has been broken, it follows of course that upon like breach of conditions subsequent as provided for in a contract to convey, the vendor may refuse to make the deed and may quiet his title against the purchaser's claims under the contract.

Counsel for appellants insists that it was incumbent upon the plaintiff to establish that the restrictive clause was applied impartially to all lots sold by it in the town of Moron, and that no forfeiture can be granted without proof of this fact. They rely upon *Burdell* v. *Grandi*, 152 Cal. 376, [125 Am. St. Rep. 61, 14 L. R. A. (N. S.) 909, 92 Pac. 1022]. That was an action to recover possession of a lot for an alleged violation of a condition subsequent. The decision states that a condition of that character providing for a forfeiture in case of breach is valid; and holds that where the owner of land designed as the site for a town inserts in all deeds made by him a condition against the sale of intoxicating liquors on the land conveyed, solely for the purpose of reserving to himself a monopoly of such business, the condition is void as against public policy, and its breach will not work a forfeiture of the estate granted. In that case the court had found, presumably upon sufficient evidence, that the purpose of the vendor in imposing the condition was to reserve in himself such monopoly. In the present case the evidence shows that a great many sales by contract were made by the plaintiff, and that like conditions were incorporated in every contract

and deed covering lots in the town, that have been issued by the company. While the evidence thus shows that the plaintiff was making these conditions in all sales, such evidence is not inconsistent with the claim that the plaintiff may have intended to reserve a lot or lots for itself on which it alone might conduct the inhibited business. It would seem, however, that the defense that plaintiff was contemplating such monopoly cannot be implied from the facts proved herein; nor was any evidence introduced by the defendants tending to show such design to create a monopoly.

The judgment is affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 10, 1917.