[Civ. No. 5129. Second Appellate District, Division One.—March 9, 1928.]

FIDELITY CREDIT ASSURANCE COMPANY OF CALIFORNIA, Appellant, v. W. O. COSBY, Respondent.

Ray Miller for Appellant.

Jesse R. Shafer for Respondent.

WOOD, J., *pro tem.*—Defendant's demurrer to the complaint was sustained without leave to amend and plaintiff appeals from the judgment entered in defendant's favor. The action was commenced to recover the sum of $561.76, alleged to be the balance due on a conditional sale contract by which plaintiff's assignor, the Mutual Refining Company, sold to defendant a pump and certain other gasoline service station equipment. Defendant paid the sum of $15.00 upon the execution of the contract and agreed to pay the balance of the purchase price at the rate of $15.00 per month. The contract contained the provisions which are usually found in conditional sales contracts. Most of the provisions are contained in 12 enumerated paragraphs. For

the purposes of this decision it will not be necessary to set forth more than the first seven, which are as follows:

"It is further mutually promised and agreed as follows:

"1. That the title to all of said property shall remain in Seller until the complete performance by the Purchaser of all of the Purchaser obligations under this agreement.

"2. Time is of the essence of this contract with respect to the performance of the obligations herein assumed by or imposed upon the Purchaser and acceptance of the Seller of any delinquent payments shall not constitute a waiver by the same of this provision, nor shall it entitle the Purchaser to a notice or demand before the forfeiture by the Seller for or on account of a subsequent delinquency, and should the Purchaser be in default in the performance of any of the terms or conditions hereof on his part to be performed, then and in such case the Seller shall have the right to declare immediately due and payable the entire amount of principal and interest then remaining unpaid.

"3. Said Purchaser agrees to save the Seller harmless from any and all liability, including all costs and attorney's fees, for all injury or damage to persons or property caused in any manner by the use of said property. Said Purchaser shall have no right to and shall not attempt to sell, assign, pledge, mortgage or otherwise dispose of this contract or of said personal property, or any part thereof, during the existence of this agreement, without the written consent of the Seller.

"4. The Purchaser shall be entitled to the possession of said personal property while not in default hereunder, but the loss or destruction or theft of or damage to said property from any cause shall be wholly borne by said Purchaser and shall not relieve the Purchaser from the obligation to make all or any of their payments hereunder.

"5. Said property shall be used only at the address above given, to-wit: 3724 American Ave., Long Beach, California, and not elsewhere.

"6. Said property shall never become a part of the realty upon or in which the same is placed.

"7. It is hereby understood and agreed between the parties hereto that in consideration of the purchase of the above mentioned equipment on monthly installments without interest, to proposed purchaser, that the latter shall, during

the period covered by the above mentioned installments, purchase his entire requirements of gasoline, and as much lubrication oil as possible, exclusively from the Mutual Refining Company of Huntington Beach, California.''

In sustaining the demurrer the trial court was doubtless of the opinion that the contract was in restraint of trade and therefore unenforceable. After discussing the case of *Coombs* v. *Burk*, 40 Cal. App. 8 [180 Pac. 59], in which a similar provision was held to be unenforceable when inserted in a contract by a public service corporation, appellant states in his brief: ''Appellant concedes, for the purpose of this appeal, that a portion of paragraph VII of the agreement in this action may tend to a partial restraint of trade, but submits that that portion of the agreement can, and properly should be, severed from the remainder of the agreement.'' In this contention he must be upheld. Section 1673 of the Civil Code, provides: ''Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void.'' It will be noted that the section does not make every contract void which contains some provisions in restraint of trade. If the contract carries a provision in restraint of trade it is ''to that extent'' void. If the objectionable provision can be severed from the remainder of the contract the part which is not so tainted can be enforced. (*McVicker* v. *McKenzie*, 136 Cal. 656 [69 Pac. 495]; *United States Cons. S. R. Co.* v. *Griffin & Skelley Co.*, 126 Fed. 364 [61 C. C. A. 334]; 6 Cal. Jur., p. 138, sec. 95.) In the case before us the seventh paragraph is easily severable from the other provisions of the contract, which will be enforceable unless a provision in restraint of trade is found in the fifth paragraph.

The contract provides in its fifth paragraph as follows: ''Said property shall be used only at the address above given, to wit: 3724 American Ave., Long Beach, California, and not elsewhere.'' Defendant argues that this paragraph is also in restraint of trade. If he is right in this contention the complaint must necessarily fall. It is the policy of the law to encourage the making of contracts upon proper considerations, and contracts may not be held to be void under the section of the code above referred to unless they contain provisions which are plainly violative of sound

public policy. (*Stephens* v. *Southern Pac. Co.*, 109 Cal. 86 [50 Am. St. Rep. 17, 29 L. R. A. 751, 41 Pac. 783].) In *Smith* v. *San Francisco & N. P. Co.*, 115 Cal. 584 [56 Am. St. Rep. 119, 35 L. R. A. 309, 47 Pac. 582], it is said: " 'Public policy' is a term of vague and uncertain meaning, which it pertains to the law-making power to define, and courts are apt to encroach upon the domain of that branch of the government if they characterize a transaction as invalid because it is contrary to public policy, unless the transaction contravenes some positive statute or some well-established rule of law." The contract set forth in the complaint must be considered in its entirety, and the various paragraphs in their relation to each other, in order to determine what was in the minds of the parties to the agreement. It is provided in the first paragraph that title to the personal property which is the subject of the complaint "shall remain in the Seller until the complete performance by the Purchaser." All of the other provisions of the contract indicate that it was the intention of the parties that the conditions therein contained are effective only during the life of the contract. The fifth paragraph does not provide that the property should *never* be used elsewhere than at 3724 American Avenue. It is entirely reasonable to hold that the parties intended that the equipment should remain at the place indicated while it was not paid for. Strength is given to this interpretation when we consider that the eighth paragraph, which is set forth at length in the transcript, contains provisions for the retaking of the property in case of default on the part of the purchaser in making payments. The provision requiring that the equipment sold be kept at a definite location during the life of the contract affords but a reasonable protection to the seller. In *City Carpet etc. Works* v. *Jones*, 102 Cal. 513 [36 Pac. 843], the court says: "It is quite clear that a covenant in restraint of trade is good if it does not go further than is necessary to give reasonable protection to the person who imposes it. There is nothing illegal in such a covenant, but it is considered unreasonable if it imposes a larger restraint than is necessary for the protection of the covenantee." In *Grogan* v. *Chaffee*, 156 Cal. 611 [27 L. R. A. (N. S.) 395, 105 Pac. 745], it was held that a manufacturer of olive oil in a quantity relatively small in

comparison with the total output may, without encountering the nullifying effect of section 1673 of the Civil Code, sell his product on the condition that the buyer shall not resell it at less than a certain minimum price. The court gave approval to the following: ''The rule invalidating contracts in restraint of trade does not include every contract of an individual by which his right to dispose of his property is limited or restrained. Section 1673 of the Civil Code makes void every contract by which one is restrained from 'exercising a lawful profession, trade, or business,' except in certain instances. But this is far different from a contract limiting his right to dispose of a particular piece of property, except upon certain condition. As the owner of property has the right to withhold it from sale, he can also, at the time of its sale, impose conditions upon its use without violating any rule of public policy. . . . ''

The judgment is reversed, with directions to the superior court to overrule the demurrer, granting leave to the defendant to answer.

Houser, Acting P. J., and York, J., concurred.