[Civ. No. 6198. Second Appellate District, Division One.—January 25, 1929.]

LOS ANGELES LAND & WATER COMPANY (a Corporation), Plaintiff and Respondent, v. MRS. LEWIS KANE et al., Appellants; HOMER A. HANSEN, Cross-complainant and Respondent.

L. E. Dadmun for Appellants.

Anderson & Anderson for Plaintiff and Respondent.

Clyde Moody for Cross-complainant and Respondent.

CRAIL, J., *pro tem.*—The plaintiff owned a tract of land containing about two thousand seven hundred acres, located in the San Fernando Valley, which for several years has been within the city limits of Los Angeles and which is subdivided into five-acre lots with streets running through it. The land is composed of the detritus washed down from the mountains, and is covered with a thin layer of soil, except that portion within the two washes or beds of the Big Tejunga Creek. The plaintiff sold lot 2 of block 22 thereof to Homer A. Hansen by a deed which contained the following conditions: "Subject to the condition subsequent that no part of said property shall be *used* for the manufacture or sale of crushed rock, gravel or sand prior to January 31,

1934.'' All other sales in the tract were made subject to the same condition. On May 7, 1924, about seventy-five dwellings had been erected upon those lots. On that date the said Hansen executed a contract of sale of said lot to the defendant Mrs. Kane, subject to the same condition. She in her turn leased the lot to other defendants, who, with full knowledge of said conditions, began the construction of a rock-crushing plant upon said property in spite of a notice to all defendants calling their attention to said condition and that their rights in the lot would be forfeited. The plant was finished and operations begun when plaintiff brought this action, asking for the recovery of the property and an injunction. Hansen on his part filed a cross-complaint against the other defendants, asking the same relief. Answers were filed and a trial had and thereafter a judgment was entered as prayed in favor of the plaintiff and also in favor of Hansen against the appellants. It is from this judgment that the appeal is taken; and appellants raise three points for reversal.

It is first contended that the condition is in restraint of trade and therefore void. Appellants claim that any contract which forbids or prevents the manufacturing of crushed rock is in restraint of trade in that particular line of business and void. It will be noticed that the restriction is against the use of the property. There is nothing to prevent the removal of the rock, gravel, or sand from the lot and doing with it whatever one chooses. It is the settled law of California that a condition subsequent prohibiting the carrying on of a particular business upon property conveyed is valid and will be upheld where the question of monopoly is not involved or the purpose of the condition is not unlawful, and possibly other exceptions which do not exist here. (*Southern Pacific R. R. Co.* v. *Blaisdell,* 33 Cal. App. 239 [164 Pac. 804]; *Los Angeles Investment Co.* v. *Gary,* 181 Cal. 680 [9 A. L. R. 115, 186 Pac. 596]; 9 Cal. Jur. 356.) With regard to the creation of a monopoly by the condition, that is a question of fact to be determined by the trial court, and the court found facts which preclude the possibility of a monopoly arising out of the condition. The evidence not alone sustains the trial court. We are inclined to say it could not have found otherwise.

■ It is next contended that the plaintiff waived the condition by operating two rock crushers on the tract. The question of waiver is again a question of fact. The crushers were three-quarters of a mile and two miles distant from appellants' lot, were on the stone lands or reserved lands, and were in full operation when Hansen contracted to sell the lot to Mrs. Kane. There is no merit in this contention. In any event neither this nor the preceding contention has any bearing upon the judgment of Homer A. Hansen.

■ Lastly, it is contended that the condition is repugnant to the estate granted and therefore void. In this regard appellants claim that "the condition not only attempts to prevent the manufacturing of crushed rock, gravel and sand, but prevents the grantee from selling from said land any rock, gravel or sand." As heretofore stated, there is no prohibition against the removal of rock, sand, or gravel from the premises or selling the same when removed. The prohibition is against the *use* of the property itself for the purposes of sale or manufacture. Again, in this case the violation of the condition, which was found by the trial court and which is admitted by appellants, is the operation of a rock-crushing plant for the purpose of manufacture and sale of the product. There are two conditions, one against the use of the property for the manufacture of, and one against the use of the property for the sale of crushed rock, sand, and gravel. The prohibition against the use for sale might be rejected as void, yet the prohibition against the use for manufacture would remain in full force and effect. Appellants do not claim that the latter condition is repugnant to the estate granted.

There is no merit in the appeal.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.