[Civ. No. 5438. Third Appellate District.—December 11, 1935.]

EDGAR J. SUMMERHAYS, Appellant, v. W. C. SCHEU et al., Respondents.

 

Lewis S. Riley for Appellant.

Leonard S. Lyon, Reginald E. Caughey and George W. Hellyer for Respondents.

PULLEN, P. J.—This appeal is from a judgment of dismissal following the sustaining of a demurrer to an amended complaint without leave to amend, and the denial of a motion to file a proposed second amended complaint.

The first amended complaint attempted to state a cause of action for equitable relief restraining defendants from manufacturing and selling orchard heaters which embodied inventions described and claimed in several applications for patents which were sold by defendant W. S. Scheu to plaintiff, and for an accounting for all of the profits derived from the sale of the heaters embodying said inventions.

The amended complaint alleges in brief the purchase by plaintiff from defendant W. C. Scheu, by an instrument in writing, of all patent applications pending owned by defendant Scheu, the consideration therefor and performance by plaintiff. It is then alleged that defendants have, for several months prior to the filing of the complaint, without the consent of plaintiff, been manufacturing and selling the heaters described and claimed in the various applications for letters patent. Upon the sustaining of the demurrer plaintiff submitted a proposed second amended complaint, which in addition to the matters contained in the first amended complaint alleged that plaintiff was induced to purchase the business of W. C. Scheu, including the various applications for patents and inventions upon the representation of Scheu that he desired to retire from the orchard heater business, and that he would give plaintiff his advice and assistance in the business for a period of four years, and orally agreed that he would never again enter into the orchard heater business at any place, especially in California.

It is the first contention of plaintiff that W. C. Scheu, having assigned the applications for patent, may not thereafter use the features covered by the applications during the period fixed in the agreement of sale. To sustain such right of action, however, it must be predicated either upon the fact or

ownership of the invention in appellant, or by virtue of a contractual relationship between the parties.

Counsel apparently agree that if a patent had been issued under the patent laws of the United States the exclusive jurisdiction as to infringements would vest solely in the United States courts. We are dealing here, however, with inventions before issuance of patent. ■ Under the common law, which has not been changed by statute, an inventor has a natural but not an exclusive right to use and sell his invention independent of any rights conferred by the issuance of a patent. The only effect of a patent is to confer upon the patentee the right to exclude others from the use thereof.

The Supreme Court of the United States, in *Marsh* v. *Nichols, Shepherd & Co.*, 128 U. S. 605 [9 Sup. Ct. 168, 32 L. Ed. 538], considering the rights that may be assigned by an invention, said:

"But the patent for an invention conveys nothing which the government owns or its predecessors ever owned. The invention is a product of the inventor's brain, and if made known would be subject to the use of any one, if that use were not secured to him. Such security is afforded by the Act of Congress when his priority of invention is established before the officers of the Patent Office, and the patent is issued. The patent is the evidence of his exclusive right to the use of the invention; it therefore may be said to create a property interest in that invention. Until the patent is issued there is no property right in it, that is, no such right as the inventor can enforce."

■ No suit may be brought restraining the use of an invention until the patent issues, as there is no property right in the invention at common law which would enable the inventor to restrain others from using the invention after it has once been made known to the public. No cause of action exists, therefore, either at common law or by statute based upon an exclusive property right in an invention or in a patent application pending in the patent office.

■ When we examine the contract between the parties we find no language therein which imposes any obligation upon respondent to refrain from the sale or use of the invention in controversy. ■ Neither can appellant rely upon any oral agreement to compel respondent to refrain from the use of the inventions. Such an oral agreement as here

alleged, was obviously not to be performed within a year, and would fall within the provisions of section 1624 of the Civil Code and therefore would be barred by the statute of frauds. Also being a contract in restraint of trade, is likewise void under the provisions of section 1673 of the Civil Code unless it comes within the exceptions set forth in sections 1674 and 1675 of the Civil Code, which it does not. In *Diller* v. *Schindler*, 88 Cal. App. 250 [263 Pac. 277], the court said:

"Under a bill of sale containing no restriction on the right of the seller to reengage in the same character of business, no agreement not to so engage can be implied from the clause in such bill of sale by which the seller conveyed the good will of the business."

█ Neither could the law imply a covenant on the part of the inventor who sells an invention to refrain from the use thereof pending patent. As has been pointed out, although an unpatented invention may be transferred, the transferee acquires no greater right than that held by the transferor, which is only an inchoate right to a patent when and if issued. (*M. J. Lewis Products Co.* v. *Lewis*, 57 Fed. (2d) 886.)

It is therefore apparent that neither by virtue of ownership nor by contract is appellant entitled to relief sought, and appellant having set out the facts upon which his right of action depends, and it clearly appearing that under such facts it is impossible to state a cause of action for the relief herein sought, the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.

The judgment is affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1936.