LANGDON, J.
 

 This is an action to quiet title against conditions subsequent in deeds.
 

 Rodeo Land and Water Company owned a 77-acre tract of land in Beverly Hills, California. Defendant Berkeley Hall School Foundation, a nonprofit corporation, maintained a children’s school. The Foundation desired to secure new quarters in an undeveloped district which would give it room for the school and also for a residential district for parents and others interested in the school, under proper building and use restrictions. Accordingly it entered into an arrangement with Rodeo Company for the purchase and subdivision of this tract into 375 lots. All of the lots, save those retained for school purposes, were sold in the following manner: Rodeo Company as trustor conveyed to Bank of America as trustee under a subdivision trust, with the Foundation as beneficiary. The trustee was authorized to sell at specified prices; a certain amount went to the Rodeo Company
 
 *424
 
 in payment of the land, and the balance of the proceeds went to the Foundation. Plaintiff bought threQ lots, receiving three separate deeds from the trustee bank.
 

 The original deed of Rodeo .Company to the trustee bank contained various restrictive provisions in the form of conditions subsequent with right of reentry, including one prohibiting the use of the property for the purpose of selling intoxicating liquors. The declaration of trust provided' that all lot sales should be subject to these conditions, and required the trustee bank to reserve to itself, for the benefit of the Foundation, a right of reentry for breach of such conditions. The deeds to the .lot owners, including plaintiff, contained the conditions and reserved rights of reentry.
 

 Plaintiff constructed a building on one of her lots, which she leased to cross-defendant Baton. The latter operated a cafe in which he sold intoxicating liquors. The Foundation notified plaintiff and Baton that it would exercise its right of reentry unless the violation ceased. The sale of liquor nevertheless continued, and plaintiff thereafter brought this action to quiet title to her lots against the asserted rights. The Foundation cross-complained, seeking to enforce the condition by a reconveyance of the land to it, and asking also damages against plaintiff and Baton, for failure to give up possession and convey title upon notice of breach of condition. Rodeo Company answered, but sought no affirmative relief. The lower court gave judgment for defendant Foundation, declaring it to be the owner of the lot which had been improperly used and ordering plaintiff to convey the same. The court also decreed that the title to the three lots was subject to the restrictive conditions, and gave an award of damages against plaintiff and cross-defendant Baton in the amount of the rental value of the property wrongfully used.
 

 Plaintiff appealed, and Baton subsequently filed a disclaimer. The only interested parties, therefore, are the Foundation and plaintiff Parry.
 

 The major point raised by appellant is the proposition that the Foundation had no right of reentry to enforce, and by necessary inference that the condition which it imposed in the deed to plaintiff was void. The reasoning advanced is that a right of reentry is an
 
 estate in reversion;
 
 that the Rodeo Company had already reserved that very estate by its
 
 *425
 
 deed; that consequently the trustee bank had no sucli estate to reserve for itself or its beneficiary, the Foundation, for that would result in having the identical estate in two parties, an impossibility.
 

 No authority has been found either in favor of or against this specific proposition, but it is apparent that it would frequently defeat the objectives of those creating restricted tracts of land for various types of residential or other development. In the present case, for example, Rodeo Company obviously has no interest in the tract which it has sold; but the Foundation has a vital interest in maintaining its restricted character, and the imposition of conditions and the reservation of rights of reentry on behalf of the Foundation was in pursuance of a plan of development admittedly legal, and not unusual. If it is a legal impossibility for successive grantors to reserve rights of reentry for breach of conditions subsequent in deeds, it seems strange that it has never been so decided. And, upon reflection, we find no difficulty in holding these interests valid.
 

 Plaintiff’s argument commences by making the assumption that a right of reentry for breach of a particular condition is an estate in reversion, a definite, identified part of the fee which is left in the grantor and his successors after transfer of a lesser estate to the grantee. It is true that decisions occasionally characterize the right of reentry as a “reversionary interest” or “ contingent reversionary interest”, and it is so regarded for some purposes. (See
 
 Strong
 
 v.
 
 Shatto,
 
 45 Cal. App. 29 [187 Pac. 159];
 
 Barkhaus
 
 v.
 
 Producers’ Fruit Co.,
 
 192 Cal. 200 [219 Pac. 435];
 
 Backus v. Duffy,
 
 103 Cal. App. 775 [284 Pac. 954].) But the situations with which these cases were concerned bear no resemblance to the facts of the instant case. Thus, in
 
 Barkhaus
 
 v.
 
 Producers’ Fruit Co.
 
 and
 
 Backus
 
 v.
 
 Duffy, supra,
 
 the court upheld a sublease for the entire unexpired portion of the lessee’s term on the ground that the lessee (sublessor), reserving a right of reentry for breach of conditions, did not part with the entire term. And in
 
 Strong
 
 v.
 
 Shatto, supra,
 
 the decision was simply that the rule against perpetuities did not apply to rights of reentry.
 

 A more accurate analysis of the interest involved discloses that when the grantor conveys the fee simple on condition subsequent, he has no actual
 
 estate
 
 remaining with him.
 
 *426
 
 The grantee takes the entire estate of the grantor, and unless he breaches the conditions is in the same position as an owner in fee simple absolute. The interest of the grantor in such case is not, strictly speaking, a residue of the estate left in him; it is merely a right or power to terminate the estate of the grantee and retake the same, if there is a breach of condition. (Restatement, Property, sec. 45, Comment a; sec. 154; 1 Simes, Future Interests, sec. 159, p. 281.) In the Restatement of Property the right of reentry is called a “power of termination”, and is clearly distinguished from the ordinary reversion. (Restatement, Property, secs. 154, 155.) The distinction is illustrated by the rule that the grantor may transfer an estate with a right of reentry, and also keep a reversion. For example, the grantor may transfer land to the grantee for life, subject to a condition subsequent restricting its use. In such case the grantor has the reversion in fee and also a right of reentry (or power of termination), and they do not merge. (Restatement, Property, sec. 155, Comment c; 1 Simes, Future Interests, sec. 165, p. 293.)
 

 Regardless of terminology, however, there is no reason in principle or authority why successive grantors may not reserve rights of reentry for breach of conditions subsequent, whether these conditions be identical in form, similar in form, or different in form. In each instance the grantee takes the whole fee, with the same rights as a grantee in fee simple absolute, as long as the conditions are obeyed. Bach grantor has the right or power to terminate the estate which
 
 he
 
 granted, upon breach of any condition or conditions imposed by
 
 him.
 
 Whatever be the correct term to describe the interest of the grantor,—“right”, “power”, “estate” or “reversion”, that interest is unaffected by the form or content of the conditions imposed on the granted estate. If the first grantor imposed a condition requiring set-back lines in building on the property, and the second grantor imposed a condition against the sale of liquor, can it be contended that the two conditions created identical rights of reentry amounting to estates in the grantors? Such a contention would mean that only one grantor can ever attach conditions subsequent to an estate, because there can be but one reversion resulting from the right of reentry. Yet this absurdity is matched by the implications from plaintiff’s actual contention, for if two
 
 *427
 
 identical or similar conditions against sale of liquor, each imposed by a different grantor, create identical reversionary estates, while two different conditions do not, then it follows that there are innumerable different reversionary estates which may be created, depending upon the particular condition imposed upon the grantee’s estate. This proposition demonstrates its own falsity. There is no such interest in real property as a “right of reentry for breach of condition subsequent prohibiting sale of liquor in a certain manner as set forth in a particular deed in certain language”, as distinguished from a “right of reentry for breach of condition subsequent prohibiting the building of homes without setback lines as set forth in a particular deed in certain language”. In short, the law does not recognize thousands of different types of reversionary estates, including new ones which may be developed at any time, depending upon the ingenuity or objectives of the persons imposing the particular conditions subsequent. What the law does recognize is that conditions may be imposed which qualify or make subject to divestment the
 
 estate granted,
 
 but the right of reentry reserved to the grantor is not divided into separate interests for each condition. The law further recognizes that each owner of an estate may grant it, in whole or in part, absolutely or on condition; and if he grants it on condition, the right of reentry for breach is a separate right of that grantor, and never identical with a right of reentry reserved by a prior grantor for breach of conditions imposed by him.
 

 With respect to other questions raised, such as alleged waiver of the restrictions and changed conditions of the neighborhood, we think the trial court’s findings are supported by the evidence.
 

 The judgment is affirmed.
 

 Seawell, J., Shenk, J., and Waste, C. J., concurred.
 

 Rehearing denied.