[Civ. No. 18687.   Second Dist., Div. Two.   Feb. 18, 1952.]

WALTER R. KING, Respondent, v. PHIL GEROLD, Appellant.

Macbeth & Ford and Robert W. Omer for Appellant.

Robert B. Hughes and Youngdahl & Glick for Respondent.

MOORE, P. J.—Respondent is the inventor and designer of a house trailer known as the "Sport King." On September 27, 1946, by a writing he licensed appellant to manufacture and sell such trailer for a period of six months—expiring March 16, 1947. It was agreed that (1) respondent should receive a royalty of $50 for each trailer sold at wholesale and $100 for each sold at retail; (2) if the license be not renewed after the initial six months' period appellant "shall cease to produce said trailer for any purpose whatsoever." The contract was drawn by appellant's attorney. It was their mutual intention by the writing of September 27th to replace the less formal but substantially similar contract executed by the parties approximately a week previously. It is a fact not without value that the earlier document contained no express requirement for appellant to cease production after six months in the event the parties should fail to effect a new agreement.

During the term of the contract respondent worked for appellant and supervised construction of the trailers. After the expiration of the contract he left appellant's employ and commenced operations alone, building trailers in which he incorporated certain minor changes which he had previously suggested to appellant. Notwithstanding that the licensing agreement was not renewed appellant continued to manufacture and sell a trailer substantially similar to that designed by respondent. As a result of the competition so created, respondent was forced to make numerous reductions in his selling price. The rivalry had not long continued before respondent instituted the instant action seeking damages for breach of contract, an accounting for unpaid royalties and an injunction to restrain appellant's continued manufacture of such trailers. Damages were awarded respondent but an injunction was denied for the reason that it was determined that appellant at the time of trial had discontinued manufacturing the trailers.

318

Numerous points are asserted as grounds for reversal of the judgment. ■ The first contention is that the agreement of September 27th is void for lack of consideration and as being in restraint of trade. From the record however, it is apparent that the last mentioned contract was intended to replace the earlier document which was rescinded by mutual agreement. This is evident from the testimony of respondent that the former contract was intended to be operative only until a formal, more complete licensing agreement could be drawn under the guidance of appellant's attorney. Accordingly, a sufficient consideration is to be found in the surrender of the former rights existing under the original agreement. (*Gardner* v. *Shreve,* 89 Cal.App.2d 804, 808 [202 P.2d 322].) In any event, assuming the earlier agreement to be still in force, appellant is, by its terms, impliedly barred from producing the trailer after the six months since the license was limited to the duration of that term.

■ The argument that appellant's agreement to cease manufacturing the trailer at the expiration of six months makes the contract one in restraint of trade and therefore void under the provisions of section 16600, Business and Professions Code, fails to consider the terms of the writing. Appellant is not thereby prohibited from carrying on his lawful business of manufacturing trailers but is barred merely from manufacturing and selling trailers of the particular design and style invented by respondent who in the first instance licensed appellant to use such design for a limited time only. The situation is factually distinct from that in *Summerhays* v. *Scheu,* 10 Cal.App.2d 574 [52 P.2d 512], where the defendant vendor of a patent agreed "never again to enter into the orchard heater business at any place."

■ Appellant's contention that the court erred in awarding damages pursuant to respondent's second cause of action is without merit. This count after setting forth the contract of September 27th alleges that defendant is continuing to manufacture and sell trailers of plaintiff's design after the expiration of such agreement; that defendant is thereby accumulating profits from such manufacture and sale; that "by reason of the premises, plaintiff has been injured and sustained damages to the extent of $30,000." Damages in this amount were demanded in the prayer.

It is thus clear that appellant's assertion that he has not been given notice of any theory of damages and consequently has been deprived of an opportunity to demand a jury trial

is wholly unjustified. Such conclusion is further supported by the fact that appellant's answer specifically denied that respondent had sustained any damages "to the extent of Thirty Thousand . . . Dollars, or in any other amount or at all."

■ The only remaining question requiring consideration is the measure of damages to be awarded respondent. The court apparently made its award based upon the royalties respondent would have received from appellant's sales if the licensing agreement were still in effect. Since respondent had no contractual right to such royalties after the termination of the contract, and inasmuch as this basis does not necessarily reflect the actual damage and loss to respondent from defendant's breach and unfair competitive acts such a measure would be improper. However, respondent did testify that as a result of appellant's infringing activities, respondent was compelled repeatedly to reduce his price to a point where profits for his own sales were some $26,000 below the sum he could have earned producing and selling trailers free from appellant's wrongful competition. Under such circumstances and upon the record appellant as a naked wrongdoer is in no position to complain of the award. ■ Where the promisor by his wilful breach of contract has given rise to the difficulty of proving the amount of loss of profits, it is proper to require of the promisee only that he show the amount of damages with reasonable certainty and to resolve uncertainties against the promisor. (*Steelduct Co.* v. *Henger-Seltzer Co.*, 26 Cal.2d 634, 651 [160 P.2d 804].)

Judgment affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied March 4, 1952, and appellant's petition for a hearing by the Supreme Court was denied April 17, 1952.