[Civ. No. 8097. Third Dist. June 19, 1952.]

RALPH HOWARD SHULTZ et al., Plaintiffs, v. THOMAS
B. BEERS et al., Appellants; COUNTY OF BUTTE,
Intervener and Respondent.

Ware & Ware for Appellants.

Raymond A. Leonard, District Attorney, and Robert E. Laughlin for Intervener and Respondent.

PEEK, J.—This is an appeal by Thomas B. and Lela Beers, husband and wife, the defendants in intervention from a decree quieting title to the real property in question. in the County of Butte, the plaintiff in intervention.

In 1882 John Bidwell, by quitclaim deed, conveyed to the county a narrow parcel of land along the Sacramento River comprising approximately 11½ acres. It is bounded by what is now Sutter Avenue on the east, the Sacramento River on the west, and Chico Creek on the south. The deed contained the following language: "Said land is to be used for the sole use of a road to the Bridge and when it shall cease to be so used, or shall be used for any other purpose it shall revert to the party of the first part." Additional reservations were set forth therein prohibiting the construction of buildings, the sale or gift of intoxicating liquor, the commission of waste and the cutting or clearing of timber or brush except as required for the road. Over the intervening years the Sacramento River gradually changed its course to the west and as a consequence the particular parcel now has been enlarged by such natural accretion until it contains approximately 30 acres of land. Sutter Avenue, which has been used continually for road purposes during this entire period is approximately 60 feet wide and runs along the easterly portion. The total area actually used as a roadbed is approximately 2½ acres. In 1900 John Bidwell died, leaving all of his property to his wife, Annie Bidwell. In 1908 she conveyed all of the parcel here in question, excepting the 2½ acres constituting the actual roadbed, to the State

of California in perpetuity for the stated object of preserving the natural beauty thereof and specifically reserving to herself a life estate therein. For a number of years thereafter the property was supervised by the Division of Parks and Forestry of the State of California. Mrs. Bidwell died in 1918, and in 1934 the Wells Fargo Union Bank and Trust Company, as executor of her estate conveyed all of the reversionary interest of John and Annie Bidwell in all of said real property to the Title Insurance and Guaranty Company which, in turn, in 1950 conveyed that interest to the State of California. Thereafter the State of California, pursuant to the provisions of chapter 73, Statutes of 1950, First Extraordinary Session, transferred all of its right, title and interest in and to the specific property to the county of Butte.

In 1947 Ralph and Stella Shultz, husband and wife, instituted a quiet title action against Thomas B. and Lela Beers, husband and wife. It appears that Stella and Lela are sisters, being the daughters of one Joseph Webster, who has been involved in proceedings concerning the same property for many years. Upon the hearing in that proceeding and after its submission, the trial judge ordered the submission set aside and the case reopened to permit the county of Butte to intervene. Ultimately the county filed its complaint in intervention by which it sought to quiet title to the same property; the main issues in that case being the county and the Beerses; the other defendant interveners did not appear. Following the entry of judgment for the county quieting its title to the property the Beerses appealed, contending that they acquired title thereto by adverse possession dating from 1939. Their claim is to the entire parcel, except the 2½ acres actually used for road purposes. Their argument in support of their contention is that by the use of the particular wording in the deed of 1882 as heretofore quoted, Bidwell manifested an intention to convey only so much of the land as would be used solely as a roadway and which in fact was so used; and that therefore that which was not so used was reserved to the grantor or reverted to him by nonuser, and hence was subject to the adverse possession of defendants.

We cannot agree with appellants' interpretation of the deed. It has long been the rule that in construing deeds "the true intent and purpose of the maker must be ascertained by a consideration of the whole instrument, not of detached clauses." (*Schroeder* v. *Wilson*, 89 Cal.App. 2d 63 [200 P.2d 173]; *Pio Pico* v. *Coleman*, 47 Cal. 65, 67;

*Whitcomb* v. *Worthing,* 30 Cal.App. 629, 631 [159 P. 613].)

Examining the deed here in question in light of the rule as stated, it is readily apparent that Bidwell, by the particular language used, manifested a clear intent to convey the entire parcel including all of his right, title and interest therein to the grantee subject to the right of the grantor or his successors to enter and terminate the same in the event of the violation of any of the conditions therein set forth. Any other interpretation would render meaningless the provisions contained in the deed against the erection of buildings, against the sale of intoxicating liquor, against the cutting of timber or clearing the land and against the commission of waste. Obviously such restrictions were not intended to apply only to that portion of the land exclusively used for a roadway.

Thus it appears that Bidwell by the specific conditions expressed in the deed evidenced a clear intent to reserve to himself and his successors the right to terminate the estate granted upon the breach of any of the expressed conditions.

Although conditions subsequent are not favored by the law, that is not to say that such a condition is wholly void but only that something more than mere designation of the subject for which the property is to be used is necessary; that is, such a condition "can be created only by apt and appropriate language." (*Fitzgerald* v. *County of Modoc,* 164 Cal. 493 [120 P. 794, 44 L.R.A. N.S. 1229]; see, also, *Papst* v. *Hamilton,* 133 Cal. 631, 633 [66 P. 10].)

It should be noted that "when the grantor conveys the fee simple on condition subsequent, he has no actual *estate* remaining with him. The grantee takes the entire estate of the grantor, and unless he breaches the conditions is in the same position as an owner in fee simple absolute. The interest of the grantor in such case is not, strictly speaking, a residue of the estate left in him; it is merely a right or power to terminate the estate of the grantee and retake the same, if there is a breach of condition." (*Parry* v. *Berkeley etc. Foundation,* 10 Cal.2d 422, 425 [74 P.2d 738, 114 A.L.R. 562].)

Again turning to the record before us we find it to be wholly barren of any evidence of breach of any of the conditions imposed by the deed or of any evidence that the grantor or his successors entered or terminated the estate for any breach of any condition. It necessarily follows, therefore, that as the property is and has been owned by the

county since 1882 neither the original parcel nor its accretions are or have been since that date subject to being acquired by adverse possession (*Humboldt County v. Van Duzer,* 48 Cal.App. 640, 644 [192 P. 192]), and hence appellants' claim to title by adverse possession is entirely unsupported.

Since the further contentions of appellants are predicated upon the correctness of the issues raised in their first contention, our conclusion in that regard makes unnecessary any consideration of those contentions.

The judgment is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.