[Civ. No. 28159.   Second Dist., Div. One.   Dec. 14, 1964.]

ROBERT L. BOUGHTON, JR., et al., Plaintiffs and Appellants, v. SOCONY MOBIL OIL COMPANY, INC., Defendant and Respondent.

Stanley D. Clark for Plaintiffs and Appellants.

Robert H. Buchanan, Sims Hamilton and R. H. Zahm, Jr., for Defendant and Respondent.

LILLIE, J.—Plaintiffs, owners of a parcel of real property, sued to have the court declare a restriction prohibiting the dispensing of petroleum products thereon to be invalid and unenforceable. It having been stipulated under defendant's motion for summary judgment to dismiss the complaint under section 437c, Code of Civil Procedure, judgment was entered for defendant adjudging the restriction to be valid and enforceable against plaintiffs; they appeal therefrom.

On June 22, 1959, General Petroleum Corporation, by corporation grant deed, conveyed to Kelley and Clark as tenants in common a parcel of real property "Subject to: . . . 2. A restriction against the use of the hereinabove described property for the dispensing of petroleum products to November 1, 1979. Should the property be used for service station purposes prior to November 1, 1979, the title should be revested and revert to General Petroleum Corporation." Thereafter, General Petroleum Corporation was merged into Socony Mobile Oil Company, Inc., defendant herein, who became the successor in interest to General Petroleum Corporation, the owner and holder of the reversionary interests. In March 1962, Kelley and Clark conveyed the property to plaintiffs subject to "covenants, conditions, reservations, restrictions, rights, rights of way and easements of record."

Assuming that the restriction in the deed constitutes "a restrictive covenant for the sole purpose of restraining trade," appellants contend it violates section 16600, Business and Professions Code, and is void and unenforceable.

■ Section 16600 provides that, subject to certain exceptions (not here pertinent) "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." We conclude that the restriction in the deed does not fall within the purview of the statute. The single restriction is imposed, not personally on plaintiffs restraining them from engaging or carrying on any profession, trade or business but, on the use of the land upon which they as grantees are barred merely from selling petroleum products, and then only for a limited period of time. Moreover, under this restriction the grantees are not prevented from dispensing petroleum products and

operating a service station at any time at any other place and there directly competing with defendant.

Dispositive of the main issue are *Los Angeles Land & Water Co.* v. *Kane* (1929) 96 Cal.App. 418 [274 P. 380], and *King* v. *Gerold* (1952) 109 Cal.App.2d 316 [240 P.2d 710]. In *Kane, supra,* the conveyance was made "Subject to the condition subsequent that no part of said property shall be *used* for the manufacture or sale of crushed rock, gravel or sand prior to January 31, 1934 [10 years]." (P. 419.) ▮ The court stated: "It is first contended that the condition is in restraint of trade and therefore void. Appellants claim that any contract which forbids or prevents the manufacturing of crushed rock is in restraint of trade in that particular line of business and void. It will be noticed that the restriction is against the use of the property. There is nothing to prevent the removal of the rock, gravel, or sand from the lot and doing with it whatever he chooses. It is settled law of California that a condition subsequent prohibiting the carrying on of a particular business upon property conveyed is valid and will be upheld where the question of monopoly is not involved or the purpose of the condition is not unlawful, and possibly other exceptions which do not exist here. [Citations.]" (*Los Angeles Land & Water Co.* v. *Kane* (1929) 96 Cal.App. 418, 420 [274 P. 380].) ▮ While a declaration of one of the plaintiffs in support of their motion for summary judgment alleges that the restriction was placed on the land solely for the purpose of preventing the use of said property in competition with General Petroleum Corporation in the sale of petroleum products, neither the complaint nor the declaration charges a monopoly or unlawfulness of purpose of the condition imposed (except that it violates § 16600). The mere allegation that the purpose of the restriction is to prevent competition in that area, although uncontroverted, does not itself imply a monopoly (*Grogan* v. *Chaffee* (1909) 156 Cal. 611 [105 P. 745, 27 L.R.A. N.S. 395]), nor in this case does it create an issue of fact—this was acknowledged by plaintiffs when they too filed, on the basis of the declaration, a motion for summary judgment which was denied on the same day defendant's motion was granted.

The courts have upheld similar use restrictions in conveyances (*Papst* v. *Hamilton* (1901) 133 Cal. 631 [66 P. 10]— in which land was to be used solely for erecting an educational institution; *Southern Pac. R.R. Co.* v. *Blaisdell* (1917) 33 Cal.

App. 239 [164 P. 804]—in which the premises were never to be used for sale of intoxicating liquor); reasonable limited use restrictions in leasing agreements (*Associated Oil Co.* v. *Myers* (1933) 217 Cal. 297 [18 P.2d 668]; *Keating* v. *Preston* (1941) 42 Cal.App.2d 110 [108 P.2d 479]; *Hildebrand* v. *Stonecrest Corp.* (1959) 174 Cal.App.2d 158 [344 P.2d 378]; *Carter* v. *Adler* (1955) 138 Cal.App.2d 63 [291 P.2d 111]); and reasonable use limitations in the sale of personal property—on the theory that as the owner of property has the right to withhold it from sale, he can also, at the time of sale, impose conditions upon its use. (*Grogan* v. *Chaffee* (1909) 156 Cal. 611 [105 P. 745, 27 L.R.A. N.S. 395]; *Fidelity Credit Assur. Co.* v. *Cosby* (1928) 90 Cal.App. 22 [265 P. 372]; *Smith* v. *San Francisco & North Pac. Ry. Co.* (1897) 115 Cal. 584 [47 P. 582, 56 Am.St.Rep. 119, 35 L.R.A. 309].)

▮ Moreover, while the cases are uniform in refusing to enforce a contract wherein one is restrained from pursuing an entire business, trade or profession, as falling within the ambit of section 16600 (*Callahan* v. *Donnolly* (1872) 45 Cal. 152 [13 Am.Rep. 172]; *Pacific Wharf & Storage Co.* v. *Standard American Dredging Co.* (1920) 184 Cal. 21 [192 P. 847]; *Summerhays* v. *Scheu* (1935) 10 Cal.App.2d 574 [52 P.2d 512]; *Hunter* v. *Superior Court* (1939) 36 Cal.2d 100 [97 P.2d 492]), where one is barred from pursuing only a small or limited part of a business, trade or profession, the contract has been upheld as valid. In *King* v. *Gerold* (1952) 109 Cal. App.2d 316 [240 P.2d 710], plaintiff, inventor and designer of a house trailer, agreed to give defendant a license to manufacture it for certain royalties; the contract provided that if there was no renewal at the end of six months defendant would cease to manufacture the trailer. The agreement was not renewed; defendant continued to produce it contending that the restrictive covenant in the contract was void because it was in restraint of trade and violated section 16600. Said the court: ''The argument that appellant's agreement to cease manufacturing the trailer at the expiration of six months makes the contract one in restraint of trade and therefore void under the provisions of section 16600, Business and Professions Code, fails to consider the terms of the writing. Appellant is not thereby prohibited from carrying on his lawful business of manufacturing trailers but is barred merely from manufacturing and selling trailers of the particular design and style invented by respondent who in the first instance licensed appellant to use such design for a limited

time only. The situation is factually distinct from that in *Summerhays* v. *Scheu*, 10 Cal.App.2d 574 [52 P.2d 512], where the defendant vendor of a patent agreed '*never* again to enter into the orchard heater business *at any place.*' " (P. 318. Italics added.) In the case at bar plaintiffs are not prohibited from carrying on the lawful business of selling petroleum products or operating a service station but, as grantees of this particular piece of property, they are barred merely from doing so on those premises and then only for a limited time.

Of a conditional sales contract providing that a pump and gas station equipment shall be used only at a specified address, the court in *Fidelity Credit Assur. Co.* v. *Cosby* (1928) 90 Cal.App. 22 [265 P. 372], holding that such provision affords reasonable protection to the seller and is not against public policy, said that by its terms "it was the intention of the parties that the conditions therein contained are effective only during the life of the contract. The fifth paragraph does not provide that the property should *never* be used elsewhere than at 3724 American Avenue." (P. 26.) Before the court in *Brown* v. *Kling* (1894) 101 Cal. 295 [35 P. 995], was a contract (for the sale of goodwill of a retail butcher business) not to engage in such business within a radius of five miles from the city within a period of three years. Upholding its validity, the court said: "At common law such a contract would have been valid. A contract restraining one from following a lawful trade or calling *at all* is invalid because it discourages trade and commerce, and prevents the party from earning a living, but the right to agree to refrain from a calling, within reasonable limits as to space, may have contrary effect." (Italics added. P. 299.)

The restriction in the deed is neither a covenant running with the land nor a personal covenant, as urged by appellants. The intention of the parties to provide a forfeiture and termination of the estate in the event the property is used for service station purposes prior to November 1, 1979, is readily apparent from the language employed in the restriction; it reflects a condition subsequent. (*Los Angeles Land & Water Co.* v. *Kane* (1929) 96 Cal.App. 418 [274 P. 380]; *Firth* v. *Marovich* (1911) 160 Cal. 257 [116 P. 729, Ann.Cas. 1912D 1190]; *Southern Pac. R.R. Co.* v. *Blaisdell* (1917) 33 Cal.App. 239 [164 P. 804]; *Shultz* v. *Beers* (1952) 111 Cal. App.2d 820 [245 P.2d 334]; *Papst* v. *Hamilton* (1901) 133

194

Cal. 631 [66 P. 10]; *Parry* v. *Berkeley Hall Sch. Foundation* (1937) 10 Cal.2d 422 [74 P.2d 738, 114 A.L.R. 562].)

■ The nature of a restriction in a deed is determined by the language used. (*Rosecrans* v. *Pacific Elec. Ry. Co.* (1943) 21 Cal.2d 602 [134 P.2d 245].) ■ A condition subsequent is not favored in the law because a breach involves a forfeiture, and a clause in a deed imposing a restriction on a grant is subject to a strict construction wherein the language, if possible, will be interpreted as a mere declaration of purpose or a personal covenant. ■ Conditions subsequent "can be created only by apt or appropriate language . . ." (*Fitzgerald* v. *County of Modoc* (1913) 164 Cal. 493, 495 [129 P. 794, 44 L.R.A. N.S. 1229]), but if the condition is so clearly stated as to leave no room for construction, or if the words used reflect a clear and unmistakable intention to create a condition subsequent, it will be enforced as such, even though it results in forfeiture. (*Rosecrans* v. *Pacific Elec. Ry. Co.* (1943) 21 Cal.2d 602 [134 P.2d 245]; *Knight* v. *Black* (1912) 19 Cal.App. 518 [126 P. 512]; *Firth* v. *Marovich* (1911) 160 Cal. 257 [116 P. 729, Ann.Cas. 1912D 1190].)

■ In the light of the fact that language here employed clearly declares a condition and imports a forfeiture, there is no force to appellants' contention that the restriction should be construed as a personal covenant rather than a condition subsequent. (*Firth* v. *Marovich* (1911) 160 Cal. 257, 261 [116 P. 729, Ann.Cas. 1912D 1190]; *Rosecrans* v. *Pacific Elec. Ry. Co.* (1943) 21 Cal.2d 602, 605 [134 P.2d 245].) No clause of reentry is necessary. (*Fitzgerald* v. *County of Modoc* (1913) 164 Cal. 493, 495 [129 P. 794, 44 L.R.A. N.S. 1229]; see also *Southern Pac. R.R. Co.* v. *Blaisdell* (1917) 33 Cal.App. 239 [164 P. 804].)

The restriction in the deed is effective against the plaintiffs, transferees of the grantee. (*Firth* v. *Marovich* (1911) 160 Cal. 257 [116 P. 729, Ann.Cas. 1912D 1190]; *Parry* v. *Berkeley Hall Sch. Foundation* (1937) 10 Cal.2d 422 [74 P.2d 738, 114 A.L.R. 562].)

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied January 8, 1965, and appellants' petition for a hearing by the Supreme Court was denied February 10, 1965.