**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMIN SALKHI, ET AL., | No.   19-17028 |
| Plaintiffs-Appellants, | D.C. No. 4:18-cv-02676-YGR |
| v. | |
| BP WEST COAST PRODUCTS, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 19, 2020[**]
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Amin Salkhi, et al. ("Salkhi") appeals the adverse grant of summary judgment

to BP West Coast Products LLC ("BP") on his claim that the deed restrictions,

contained in the grant deeds for the two gas stations that he purchased from BP, are

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

invalid. The deed restrictions provide in relevant part that "no person may construct or operate on this Real Estate (i) a convenience food store other than a convenience food store operated under a franchise or other agreement with BP, (ii) a fast food takeout restaurant, or (iii) a facility selling motor fuel other than a facility selling motor fuel under a supply or other agreement with BP." We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salkhi argues that because the deed restrictions are personal to him and intended to restrain competition, they are invalid under Cal. Bus. & Prof. Code § 16600, which states "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Restrictive covenants imposed on the use of the land, however, do not implicate § 16600. *Edwards v. Arthur Andersen LLP*, 189 P.3d 285, 293 (Cal. 2008). The deed restrictions here are covenants running with the land because they "shall be enforceable during this full term against anyone who acquires the Real Estate." *See Citizens for Covenant Compliance v. Anderson*, 906 P.2d 1314, 1318 (Cal. 1995) ("A covenant is said to run with the land if it binds not only the person who entered into it, but also later owners and assigns who did not personally enter into it."). The deed restrictions therefore do not implicate § 16600.

Nor do the deed restrictions violate other law. Under the "settled law of California" a land use restriction "prohibiting the carrying on of a particular business

upon property conveyed is valid and will be upheld where the question of monopoly is not involved or the purpose of the condition is not unlawful." *Boughton v. Socony Mobil Oil Co.*, 41 Cal. Rptr. 714, 715 (Cal. App. 1964), *disapproved of on other grounds by Edwards v. Arthur Andersen LLP*, 189 P.3d 285 (Cal. 2008).

The deed restrictions are not monopolistic or unlawful. Salkhi does not contend that the deed restrictions create a monopoly, and similar restrictive covenants have been upheld by California courts. *See, e.g., Boughton*, 41 Cal. Rptr. at 715–16 (upholding a land use restriction in a deed which provided that the title to the property would be revested and revert to the seller if, within twenty years of its sale, the property was used "for the dispensing of petroleum products"); *Doo v. Packwood*, 71 Cal. Rptr. 477, 479–80 (Cal. App. 1968) (upholding a restrictive covenant that provided the property sold "was not to be used for retail grocery business" because the sellers wanted to protect themselves against competition in that market). Salkhi also does not argue that the deed restrictions are invalid because they have some other unlawful purpose—he argues only that the deed restrictions are more like employee noncompetition agreements and are thus unlawful under § 16600, an argument that *Edwards* forecloses. *See Edwards*, 189 P.3d at 293. A recent decision interpreting § 16600 in another context does not alter this analysis.

*See Ixchel Pharma, LLC v. Biogen, Inc.*, 470 P.3d 571 (Cal. 2020).  Accordingly,

the deed restrictions are valid.[1]

**AFFIRMED.**

---

[1] Based on the foregoing, there is no need to certify the issues presented in this case to the California Supreme Court or to stay the proceedings.