[Civ. No. 6720.   Third Dist.   Feb. 15, 1943.]

BURR H. MITCHELL, Appellant, v. CHENEY SLOUGH IRRIGATION COMPANY (a Corporation), Respondent.

Huston, Huston & Huston and Rutledge & Rutledge for Appellant.

U. W. Brown for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against him in a suit to quiet title to a strip of land which was conveyed to the defendant by a deed containing an express declaration in the habendum clause that the land would revert to the grantor, his heirs and assigns, if the grantee ceased to use the land for a pumping plant, irrigation and drainage system for a period of five successive years.

The defendant was incorporated under the statutes of California as a mutual voluntary irrigation association, by articles which were filed December 2, 1915, for the purpose of operating "a canal, irrigation and drainage system" in Colusa County, California. The articles provide that the corporation may acquire water rights and all property neces-

sary to construct and maintain a plant "for the purpose of irrigating the lands of the stockholders only of this Corporation." It further provides that the corporation may "do any and all things necessary or proper to be done in conducting the business of supplying its stockholders with water for irrigation and domestic purposes and for draining the same from their lands." The articles provide for capital stock in the amount of $100,000, to be divided into 10,000 shares of the par value of $10 per share. 3,680 shares were sold and distributed to sixteen charter members, who paid therefor the aggregate sum of $36,800. The plaintiff, Burr H. Mitchell, was a charter member of the company and owned 300 shares of its capital stock. He owned the tract of 391 acres of land in Colusa County, the title to which is involved in this suit. The entire tract embraced within the district consisted of 8,067 acres of land, most of which was devoted to raising rice until the year 1928, when that industry ceased to prosper on account of the low price of rice and the irrigating enterprise then discontinued business. About 5,000 acres of land within the district were irrigated for a few years after the organization of the district. The corporation expended considerable money in digging a canal on the acquired strip of land and in installing and equipping three separate pumps and other improvements. The defendant's income was derived from assessments levied on the lands of the shareholders who were engaged in cultivating rice in the district.

The plaintiff, Burr H. Mitchell, sold and conveyed to the defendant, July 10, 1916, by deed, the northerly seventy-five feet of his tract of land described in the complaint, for a valuable consideration and to encourage the success of the irrigation enterprise so as to procure water for the benefit of his own land and the lands of other stockholders in the district. The deed recites that:

"In consideration of the sum of Ten ($10.00) Dollars . . . and for other valuable consideration, [the party of the first part] does hereby grant and dedicate to the said party of the second part, its successors and assigns forever, (except that it may be terminated by non-use as hereinafter provided) the following-described strips of land. . . . [Here follows the description of the seventy-five foot strip of land in controversy]. . . .

"The land hereby conveyed is granted for the purpose of constructing and maintaining a pumping plant on the bank of the Sacramento River to pump water from said river for irrigation purposes, and for the purposes of constructing and maintaining irrigation and drainage ditches and waterway with the right to flow water therein over, along and across said rights of way; *and on condition* that said ditches and canals and the gates and locks that may be therein constructed shall be kept in good repair to prevent leakage or seepage while in use *for irrigation purposes*. . . .

"To have and to hold all and singular the said premises, together with the appurtenances unto said party of the second part, its successors and assigns forever, *except that in case the same is not used for a pumping plant and irrigation and drainage system for a period of five (5) successive years, the full title to said strips of land shall revert in and to said party of the first part, his heirs and assigns forever.*"

This deed was accepted by the defendant subject to the said condition therein expressed, and it was duly recorded.

The complaint, which was filed in February, 1940, seeks to quiet title to the entire 391 acre tract of land in Colusa County, including the northerly seventy-five foot strip thereof, which was conveyed to the defendant as above related, subject to reversion of the title to plaintiff upon breach of the said condition subsequent. The answer denies the material allegations of the complaint and asks that title to said seventy-five foot strip of land be quieted in the defendant. The court adopted findings determining that said seventy-five foot strip of land was conveyed by plaintiff to the defendant July 10, 1916, "for the purpose of constructing and maintaining a pumping plant . . . for irrigation purposes," and that the defendant and its successors and assigns were entitled to hold title thereto forever "except that in case the same is not used for a pumping plant and irrigation and drainage system for a period of five successive years," it shall revert to the grantor. The court further found that the defendant entered into possession of said strip of land in January, 1916, and thereafter constructed thereon a pumping plant, consisting of three separate pumping machines, and an irrigation canal; that "beginning with the year 1916 and continuing each year thereafter, except one year, down to and including the year 1940, said pumping plant and irri-

gation and drainage system has been used in the possession of defendant and has been used as a pumping plant and irrigation and drainage system.''

Judgment was rendered accordingly quieting title in plaintiff to the said 391 acre tract of land but specifically excepting from said decree the northerly seventy-five foot strip thereof. From that judgment the plaintiff has appealed.

■ We are of the opinion the findings and judgment with respect to the title to said northerly seventy-five foot strip of land are not supported by the evidence. The record shows without conflict that the strip of land was conveyed to the defendant for the express purpose of using it only for the construction and maintenance thereon of a ''pumping plant and irrigation and drainage system.'' The conditional reversion clause of the deed seems too clear for controversy. It provides that if the strip of land is not used for a period of five successive years ''for a pumping plant and irrigation and drainage system'' title thereto shall revert to the grantor. The evidence is undisputed that the strip of land was not used by the defendant or by anyone else for an ''irrigation and drainage system'' for a period of more than ten successive years prior to the commencement of this action. The land was not used for that purpose later than 1928. In fact, the industry of raising rice in that vicinity, which was the chief source of defendant's income, ceased that year. Rice was never thereafter produced in any substantial amount on the lands within that district. No rice was planted after 1927. The defendant's business as an irrigation district absolutely ceased before that time. No assessments were levied upon the lands of that district after 1924. Mr. Seaver, a director of the defendant company, testified that for six years prior to the commencement of this action, the defendant did not spend a dollar on the upkeep or maintenance of that irrigation system. In December, 1939, the plaintiff demanded of the defendant a reconveyance of that strip of land for breach of the said condition, which was refused.

The plaintiff is entitled to a decree quieting title in him to the northerly seventy-five foot strip of his land, which is described in the complaint, on account of the breach of the condition subsequent.

■ Conditions which result in a forfeiture of the title to land are not favored, and they are to be strictly construed against the party in whose behalf they are created. (Sec. 1442, Civ.

Code; *Wedum-Aldahl Co.* v. *Miller*, 18 Cal.App.2d 745, 750 [64 P.2d 762]; *Hasman* v. *Elk Grove Union High School*, 76 Cal.App. 629 [245 P. 464]; 9 Cal.Jur. 340, sec. 200; 3 Thompson on Real Property, 112, sec. 2030; 26 C.J.S. 479, sec. 147.) ■ However, lawful restrictions with respect to the use of land may be enforced in accordance with the express language of a deed providing for such condition subsequent. For a breach of such a condition, title to land may revert to the grantor when the deed clearly provides for forfeiture of the title on that account. (Sec. 1109, Civ. Code; *Thornton* v. *Middletown Educational Corp.*, 21 Cal.App.2d 707 [70 P.2d 234]; *Liebrand* v. *Otto*, 56 Cal. 242; *Johnston* v. *Los Angeles*, 176 Cal. 479 [168 P. 1047]; *Firth* v. *Los Angeles Pacific Land Co.*, 28 Cal.App. 399 [152 P. 935]; 9 Cal. Jur. 372, sec. 223; 26 C.J.S. 495, sec. 157b.) ■ In the present case it is not contended the defendant maintained or operated its irrigation system during a period of at least six years prior to the commencement of this action. It is merely asserted that a portion of the machinery and the canal were used by the plaintiff himself to irrigate his own orchard. There is no evidence to support the finding of the court that the seventy-five foot strip of land was used to maintain or operate the pumping plant and irrigation system, as a system, during the entire period from "the year 1916 and continuing each year thereafter, except one year, down to and including the year 1940." The record conclusively shows that the irrigation system was not so used. The condition subsequent was therefore breached. By the express terms of the deed, the title to that strip of land thereupon reverted to the grantor.

■ It is true that for several years after the defendant ceased to operate its irrigation system, the plaintiff, Burr H. Mitchell, and another stockholder, who was also a director of the company, by the name of C. F. Seaver, obtained permission to use the irrigation canal and one of the pumps belonging to the defendant to irrigate their own orchards, with the express agreement that they should pay all expenses incident thereto. The plaintiff irrigated eighty acres of orchard land and ten acres of alfalfa in that manner, and Seaver irrigated one hundred and fifteen acres of his orchard land and about sixty acres of alfalfa in the same manner. The other pumps and apparatus belonging to the defendant's irrigation

system were not used after 1928 in the operation of its irrigation system or for any purpose. The corporation did not contribute a dollar toward maintaining or operating its system after that time. Mitchell and Seaver expended considerable money in operating the one pump and repairing the canal to irrigate their own orchards.

The only plausible defense which might have been urged against plaintiff's claim of a reversion of the title to his seventy-five foot strip of land on account of the breach of clear and explicit terms of the deed is founded on the doctrine of estoppel in pais, on the theory that the plaintiff knew the defendant's irrigation and drainage system had not been operated for a period of more than ten successive years, and that the plaintiff procured permission of the defendant to use one of the pumps and the canal during that period of time to irrigate his own orchard. It might have been contended this conduct constituted a waiver of the reversionary clause of the deed. However, we think it did not necessarily create an estoppel.

It is true that the benefits of the provisions of a condition subsequent and of the right to reversion of the title to real property may be waived expressly or by acts, conduct and circumstances indicating that the grantor does not rely upon that covenant. (*Wedum-Aldahl Co.* v. *Miller, supra; Los Angeles & Arizona Land Co.* v. *Marr,* 187 Cal. 126, 133 [200 P. 1051] ; 26 C.J.S. 498, sec. 158 c.; 43 A.L.R. 1053, note.)

However, under the facts of this case it does not appear that the plaintiff intended to waive the provisions of the condition subsequent which was contained in the deed. The defendant ceased to operate its irrigation and drainage system, and it became necessary for the plaintiff to procure water from some source with which to irrigate his orchard. He obtained permission from the defendant to use a portion of its equipment for that purpose, by paying all costs and expenses incident thereto. It may not reasonably be said this temporary and limited use of a portion of defendant's equipment constituted an operation of the system by the defendant itself, nor that it constituted a waiver of the reversionary clause of the deed.

Moreover, the defendant failed to plead an estoppel. The cause was evidently not tried on the theory that an estoppel was relied upon by the defendant. The court adopted no finding in that regard. The rule is firmly established in

California and in most other jurisdictions that waiver or estoppel must be pleaded to render it available as a defense. (*Holzer* v. *Read,* 216 Cal. 119, 124 [13 P.2d 697]; *Pasadena Park Impr. Co.* v. *Lelande,* 175 Cal. 511, 521 [166 P. 341]; 10 Cal.Jur. 653, sec. 30; 19 Am.Jur. 840, sec. 184; 120 A.L.R. 8, note.)

The judgment is reversed and the court is directed to render judgment quieting title in the plaintiff to the entire tract of land described in the complaint.

Adams, P. J., and Schottky, J. pro tem., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 15, 1943.