FRENSLEY et al. v. WHITE et al.

No. 35410.   March 17, 1953.

*254 P. 2d 982.*

L. A. Winans and Wm. O. Leach, Duncan, and Harry Hammerly, Chickasha, for plaintiffs in error.

Ted Foster, Leonard C. Bowen, and Ted D. Foster, Jr., Oklahoma City, for defendants in error.

DAVISON, J.   This is a suit of equitable cognizance brought by J. R. White, Sam L. Files and J. D. Maddox, Trustees of the Assembly of God Church of Velma, Stephens county, Oklahoma, to quiet title to a one-acre tract of land in said county, as against the heirs, successors and executrix of the estate of their immediate grantor, J. R. Frensley, deceased.   The Skelly Oil Company, a corporation, the lessee in a certain oil and gas lease covering the premises, executed by the other defendants, was made a party defendant also. The parties will be referred to as they appeared in the trial court, being inversely to their appearance here.

The only question for determination in this lawsuit is the meaning and effect of a certain warranty deed, dated January 30, 1935, executed by J. R. Frensley and wife, Georgya L. Frensley, to the plaintiffs herein, conveying the title to the one-acre tract here involved, subject to the provisions contained in the habendum clause as follows:

"To Have and To Hold said above described premises unto the said Trustees and their successors in office, as aforesaid, in trust, so long as said premises shall be held, kept and used by said church or any branch thereof, or any successor thereto for a place of divine worship, for the use of the ministry and membership of said church, subject to the usages, discipline and ministerial appointments of said church as from time to time authorized and declared by the General Council of the Assemblies of God Church and by the Annual Council within whose bounds said premises are, or may hereafter be situated."

At the trial of the case, C. V. Butler, C. L. Bass and O. W. Fulsom were substituted as parties plaintiff, they being the then trustees of said church. Plaintiffs offered the testimony of two witnesses to the effect that a church was being, and at all times since about the date of the deed, had been continuously maintained on the premises. Plaintiffs then rested and the defendants, after demurring to the evidence, produced two witnesses in an attempt to prove the conversations and intent of the parties at the time of the execution and delivery of the above described deed. The trial court admitted a part of such evidence over the strenuous objection and exception of plaintiffs. It was to the effect that the parties intended by the deed, to convey only a site for a church to the plaintiffs, but that the use should be only of the surface, not of the minerals. Judgment was for plaintiffs adjudging them to be the owners of the entire fee in said realty with the right to use the same for any purpose "so long as the premises shall be held, kept and used by them or their successors * * * for a place of divine worship." From the judgment, defendants have appealed.

The only question presented for determination is whether or not the provisions of the habendum clause in the deed to plaintiffs, as above quoted, limited the use of the premises *exclusively* to that of a place for divine worship. In support of their position that such was the effect of the provision, defendants rely most strongly upon the opinions in the cases of Board of Chosen Freeholders of Cumberland County v. Buck, 79 N.J.E. 472, 82 Atl. 418; Jordan v. Goldman, 1 Okla. 406, 34 P. 371; and Union Missionary Baptist Church v. Fyke, 179 Okla. 102, 64 P. 2d 1203. Each of these cases, however, deals with a conveyance wherein the provisions are materially different from those in the case at bar.

Much unnecessary confusion seems to have crept into the opinions dealing with the subject because of the rather extended discussions devoted to the type of estates created by the various deeds. However, note of them should probably be here taken. There is, first, the determinable fee upon conditional limitation, which is a fee simple except that it is immediately terminated by the happening of some possible event, subsequently. The estate remaining in the grantor after the conveyance of such an estate is a possibility of reverter which he may convey, it being considered an interest in the land. If it is conveyed, it is denominated as a limitation over to the third person. Next, there is the fee estate upon condition subsequent which is a fee simple except that it may be terminated by the grantor by re-entry upon the happening of some possible event, subsequently. What remains to the grantor after the conveyance of such an estate is a power (sometimes loosely designated a possibility of reverter) which is not an interest in the land and is not sufficiently in esse to be subject to conveyance. Then, there exists the fee-simple estate which is conveyed by a deed poll, by the terms of which the grantee, upon acceptance of the conveyance, impliedly covenants to limit its use to that specified in the deed. Although we have used the word "fee" in these definitions, the same limitation of duration is often a provision in a conveyance of an estate of less quality than a fee but the effect is the same.

It is, thus, readily apparent that the opinion in the case Oklahoma City v. Local Federal Savings & Loan Ass'n, 192 Okla. 188, 134 P. 2d 565, also cited by defendants, has no application herein for the reason that the reported case was dealing only with what property remained in the grantor after the conveyance of the determinable fee and whether or not such right or property was capable of being conveyed by him. It is noteworthy that in that opinion it was pointed out that the use of the words "so long as" (identical to those in the case at bar) create an estate upon conditional limitation rather than upon condition subsequent. A situation, in many respects, similar to the Okla-

homa City case, supra, was involved in the case of Oklahoma City v. Wainwright, 199 Okla. 470, 187 P. 2d 226.

This rather scanty explanation of the terms eliminates the necessity of discussing the numerous and intricate phases of the cases cited in defendants' brief, wherein it is argued that the words, used in the conveyance here involved, created a conditional limitation rather than a condition subsequent or a covenant. But the important question is, not what category the words fall into, but whether or not there has been a violation of the provisions of the deed. It makes no difference whether the estate conveyed to plaintiffs was upon a conditional limitation or condition subsequent or with a covenant against the occurrence of the condition, unless the condition arose. No rights expired and no other rights accrued until the occurrence. We, therefore, come to the crux of the controversy: Did the provision in the deed, "so long as said premises shall be held, kept and used by said church or any branch thereof, or any successor thereto for a place of divine worship, for the use of the ministry and membership of said church, * * *" preclude the simultaneous use of the premises for additional purposes, particularly, the production of oil and gas? We think not.

The facts in the case at bar distinguish it from the hereinabove cited cases relied upon by defendants. In the case of Board of Chosen Freeholders of Cumberland County v. Buck, supra, "The use of the property for the purpose named has now been permanently abandoned." The Jordan v. Goldman case, supra, had to do with treaties between the United States and the Cherokee Tribe of Indians in respect to the land known as the Cherokee Outlet, to which said tribe did not have a fee title, but merely "an easement which did not include the soil." In the case of Union Missionary Baptist Church v. Fyke, supra, the deed being considered provided that the premises should "be used *exclusively for a site* for the erection and maintenance of a church

building." Such provision is far from analogous to the one here under consideration.

The most nearly similar fact situation is found in the case of Priddy v. School Dist. No. 78, 92 Okla. 254, 219 P. 141. There, the habendum clause in deed under consideration provided that the premises were granted, to be held "as long as used for a schoolhouse site." That provision, in the light of the discussion above, probably created a conditional limitation although in the opinion it is determined to be a condition subsequent. Such distinction is of no importance for its effect is the same. "The fee passed by the deed * * * in the same manner and to the same extent as if the condition did not exist, subject to the contingency of being defeated as provided by the condition." The only practical difference is as to the interest or possibility of reverter remaining in the grantor and its transferability and not as to the estate conveyed. This, notwithstanding the opinion of some authors that technically "in the case of the 'conditional limitation' an interest somewhat less in concept has passed from the grantor, which interest contains within itself the basis for its expiration." 19 Am. Jr. 531.

In the Priddy case, above quoted from, it was not necessary to determine whether or not "the additional use of the property for the production of oil constitutes a wrong." However, the words there used were much more restrictive than those in the deed involved in the instant case. Herein, it is doubtful that any additional use of the premises would be wrongful, unless it was in violation of the "usages, discipline and ministerial appointments of such church * * *." Certainly, the additional use of the land for production of oil and gas did not violate any of the provisions of the deed.

There is no need to discuss at length the parol evidence offered by the defendants as to the intent of the parties at the time of the execution and de-

212

livery of the deed. No ambiguity exists in the instrument. The evidence was not admissible.

"Rules of construction and interpretation are available to remove uncertainty concerning the meaning of a contract when ambiguity exists in the written instrument. However, if the language is clear and explicit it governs in determining the intent of the parties in the absence of fraud, accident, mistake or absurdity." Johnson v. Butler, 206 Okla. 632, 245 P. 2d 720.

The title of plaintiffs, being one in fee, subject to, and qualified by, only the provisions of the habendum clause in the deed, as fully set out above, was sufficiently broad to entitle them to the relief sought and the trial court was correct in so holding.

Judgment affirmed.

HALLEY, C.J., and CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.