[Civ. No. 22765.   Second Dist., Div. One.   Mar. 31, 1958.]

W. C. DILLON & COMPANY, INC., Appellant, v. JOHN A. BARTON, Defendant; JAMES WILLIAM BARTON et al., Respondents.

Manaugh, Reese & Christl, John D. Glynn and George L. Hampton for Appellant.

Dryer, Hails, Burris & Lagerlof and H. Jess Senecal for Respondents.

WHITE, P. J.—Defendant, a subdivider, conveyed three residential lots to the plaintiff by grant deeds which reserved an easement in the following language: "Reserving therefrom unto the Grantor herein the described property for reservation of future road purposes the southerly 30 feet . . ." of the described lots.   Prior to the conveyances to plaintiff of said lots, numbered 12, 13 and 14, defendant owned Lots 12

to 18 inclusive which were in a series numbered from west to east. The apparent purpose of the reservation was to provide for an east-west roadway or street along and over the southerly ends of the lots mentioned. After the conveyances to plaintiff, defendant conveyed Lots 15 and 16 to third parties by a deed which contained no reservation of any easement for road or street purposes. This latter deed made no reference to the easement reserved in plaintiff's deeds. The purchasers of Lots 15 and 16 constructed improvements and fences which apparently indicated no intention to provide for any street or roadway over the southerly portion of their property.

Plaintiff filed this suit to quiet title, alleging that it consented to the reservation of the easement in reliance upon the defendant's representation that the easement would be used only if defendant found it necessary or convenient to provide for a road or alley in order to sell his remaining lots lying to the east, that is Lots 15 to 18 inclusive. Plaintiff alleged that the subsequent sale of Lots 15 and 16, with no provision for the easement, terminated all of defendant's right, title and interest in and to lots 12, 13 and 14, and operated completely to extinguish the servitude.

The record in this case discloses errors and irregularities which render it necessary for us to reverse the judgment. The sole party defendant named in the pleadings is John A. Barton. The trial was commenced on January 25, 1957. The findings recite that John A. Barton died on January 17, 1956. The record, however, discloses no substitution of parties. In the captions of the findings of fact, conclusions of law and judgment the defendants are designated as James William Barton and Francis McCoach Barton "as individuals and as executors of the Estate of JOHN A BARTON, Deceased." In appellant's opening brief it is stated that John A. Barton was the sole party defendant and that there was never any substitution of parties in the trial court. The record discloses no substitution of parties. In respondent's brief we are told that in July, 1956, a stipulation was signed providing for the substitution of the defendants as designated in the findings, that plaintiff's counsel promised to file the stipulation and obtain an order of court thereon, but that he failed to do so. The attorney who represented plaintiff in the trial court, and who prepared its opening brief on appeal, has since died. Present counsel for appellant were later substituted.

The irregularity above discussed, standing alone, perhaps would not necessitate a reversal, but its relation to certain

unsupported findings hereinafter discussed is such as to make that result unavoidable.

The essence of the problem presented to the trial court in this case was to determine whether the easement created by the inartificial and uncertain language of the deeds was an easement in gross or whether it was intended to be appurtenant to certain dominant tenements. If found to be appurtenant, there was the further need to ascertain and define the dominant tenements. Basically, this was a problem of ascertaining the intent of the parties from the language of the deeds and from relevant parol evidence, including that which disclosed the surrounding facts and circumstances existent at the time of the conveyances in question. ■ As stated in *Wright* v. *Best,* 19 Cal.2d 368, at page 383 [121 P.2d 702] : ". . . when the deed does not expressly declare an easement to be appurtenant, or when the language of the deed is ambiguous, and it does not clearly appear whether an easement was intended to be in gross or appurtenant to land, evidence *aliunde* the document is admissible to determine the nature of the easement and to establish a dominant tenement." (See also *Elliott* v. *McCombs,* 17 Cal.2d 23, 29 [109 P.2d 329] ; *Balestra* v. *Button,* 54 Cal.App.2d 192, 198 [128 P.2d 816] ; *Eastman* v. *Piper,* 68 Cal.App. 554, 568 [229 P. 1002].)

The judgment under review fails to define the nature of the easement. It simply decrees that "defendants are the owners of non-exclusive easements for road purposes over the south 30 feet of lots 12, 13 and 14" of the described tract. The findings, however, indicate that the easement was found to be appurtenant to Lot 11 and Lots 14 to 18 of said tract. Lot 11 was located in the same tract and adjoined Lot 12 on the south.

The finding of the trial court that John A. Barton was the owner of Lot 11 at the time of the conveyance to appellant of Lots 12, 13 and 14, and the finding that on January 10, 1957, John A. Barton conveyed said Lot 11 to defendants (evidently referring to James William Barton and Francis McCoach Barton) are without any support in the evidence. Respondent's brief goes outside the record to relate that prior to the trial plaintiff's attorney was provided with evidence which would have supported these findings. Unfortunately, however, no such evidence was offered at the trial. We must review the record as it was actually made and not as it should have been made.

Finding number X recites "That plaintiff has erected a fence upon the easements of defendants thus preventing the use of said easements by defendants and successors in interest of John A Barton." The conclusions of law recite "That plaintiff's fence constitutes an unlawful interference with the easement rights of defendants and should be ordered removed." The judgment orders "That the fence erected by plaintiff upon said easement be removed." Our search of the record confirms appellant's assertion that there is no evidence whatsoever either to support the quoted finding and conclusion or to justify the quoted portion of the judgment.

The owner of a servient estate has the right to use land subject to a nonexclusive easement for any purpose or in any manner that does not interfere unreasonably with the rights of the owner of the dominant estate. (*Pasadena* v. *California-Michigan etc. Co.*, 17 Cal.2d 576, 579 [110 P.2d 983, 133 A.L.R. 1186]; *Hoyt* v. *Hart*, 149 Cal. 722, 728 [87 P. 569]; 17 Cal.Jur.2d 133, 134.) A judgment requiring removal of any existing fence should be supported by pleading and proof showing that its existence constitutes such an interference. (See *Herzog* v. *Grosso*, 41 Cal.2d 219, 224 [259 P.2d 429].)

Prior to a retrial an appropriate substitution of parties should be effected so that all parties claiming to be interested in the easement may be properly before the court. It is to be assumed that upon retrial the court will be provided with evidence sufficient for the purposes of a complete and accurate adjudication of the nature and extent of the easement, if it continues to exist, and the particular estates, if any, which are dominant with respect to it.

For the foregoing reasons, the judgment is reversed and the cause remanded for a new trial.

Fourt, J., and Lillie, J., concurred.