[Civ. No. 9652. Third Dist. Nov. 23, 1959.]

ALFRED SCHOFIELD et al., Appellants, v. DOROTHY J. BANY et al., Respondents.

J. Elwood Andresen for Appellants.

Francis M. Passalacqua for Respondents.

WARNE, J. pro tem.*—This is an appeal from an order denying an injunction pendente lite in an action brought by appellants to enjoin an alleged trespass by the respondents.

Appellants' predecessors in interest, George D. Brack and Louise H. Brack, executed a grant deed to Fred W. Dicke and

*Assigned by Chairman of Judicial Council.

Mabel Dicke whose lands adjoin that of the appellants, which contained the following granting clause:

"An easement over and along a 20 foot Right of Way, as the same now exists, and which Right of Way leads from the Easterly line of the Northeast quarter of Section 14, in Township 9 North, Range 10 West, M. D. M., and running thence in a general Southwesterly direction to a point on the Easterly line of the Southeast quarter of the Northwest quarter of said Section 14."

Respondents claim the right to use of the easement under and pursuant to said deed as the successors in interest of Fred W. Dicke, and Mabel Dicke, his wife.

It appears from the settled statement that Fred W. Dicke purchased the 40-acre parcel adjoining appellants' property in 1946 and that he used the roadway in question as a means of ingress and egress to said 40-acre parcel; that he did considerable hauling of firewood over said road from the year 1946 until 1952 when he sold to Arthur D. Hemphill and Bernice C. Hemphill; and that he used the road without anyone's permission. Dicke, in substance, further testified that in his negotiations with the Hemphills for the sale of the 40-acre parcel they demanded there be a recorded deed covering the right of way and he then acquired the deed granting a 20-foot right of way through the property from the Bracks who at that time owned the property; that in his conversation with Mr. Brack he stated he needed a recorded right of way so that he could sell his 40-acre parcel of land to Arthur Hemphill and his wife. The consideration of the deed was the sum of $1.00.

Appellants contend first that the trial court erred in permitting respondents to introduce the above oral testimony to show that the grantors intended that the easement should be appurtenant to the adjoining 40 acres of land now owned by Harold J. Silver and Robert Yonash as the successors in interest of the Dickes.

Intent of the parties may be ascertained from the language of the deed and from relevant parol evidence, including that which described the surrounding facts and circumstances existing at the time of the conveyance in question.

"As stated in *Wright* v. *Best*, 19 Cal.2d 368, at page 383 [121 P.2d 702]: '. . . when the deed does not expressly declare an easement to be appurtenant, or when the language of the deed is ambiguous, and it does not clearly appear whether an easement was intended to be in gross or appurte-

nant to land, evidence *aliunde* the document is admissible to determine the nature of the easement and to establish a dominant tenement. (See also *Elliott* v. *McCombs*, 17 Cal.2d 23, 29 [109 P.2d 329] ; *Balestra* v. *Button*, 54 Cal.App.2d 192, 198 [128 P.2d 816] ; *Eastman* v. *Piper*, 68 Cal.App. 554, 568 [229 P. 1002].)'' (*W. C. Dillon & Co., Inc.* v. *Barton*, 159 Cal.App.2d 18, 20 [323 P.2d 462].) Or as stated in *Elliott* v. *McCombs, supra*, at page 29, ''. . . when the language of a deed is ambiguous, and it does not clearly appear whether the easement was intended to be in gross or appurtenant to land, it is never construed as personal when it may fairly be construed as appurtenant to some other estate. [Citing cases.] The cases which apply this rule also hold that in ascertaining the intention of the grantor, as in any other contract, in the absence of an express declaration, the nature of the easement may be determined by evidence *aliunde* the deed. An easement, therefore, may be appurtenant although the deed does not expressly declare it to be so, and the law favors such an interpretation.'' (See also 17 Cal. Jur.2d 92.)

 Applying the rules of law as stated in the foregoing cases, it is obvious that the trial court did not commit error in admitting evidence *aliunde* the deed in order to determine the nature of the easement.

 Appellants also contend that since the deed contained no words of inheritance and did not describe the dominant tenement the trial court erred in concluding that the easement was appurtenant to the 40-acre parcel of land owned by Silver and Yonash.

In *Hopper* v. *Barnes*, 113 Cal. 636 [45 P. 874], the plaintiff and the defendant owned adjoining quarter sections of land. Defendant granted to plaintiff a right of way from a road over defendant's land. The deed contained an exact description of the granted right of way by metes and bounds, but did not describe either the land of the plaintiff in connection with which the right of way was to be used or the remaining land from which the right of way was carved. The exact question considered by the court was whether, under such circumstances, the easement was personal to the grantee or appurtenant to his adjoining lands. After citation of authority to the effect that an easement is never presumed to be in gross when it can fairly be construed to be appurtenant to some other estate, the court held that the right there involved should be considered as appurtenant to the plaintiff's land.

The rule established by *Hopper* v. *Barnes, supra,* has been applied in a number of later cases, in all of which an easement conveyed by an express grant was held to have been appurtenant to a dominant tenement, although the dominant tenement was not described in the conveyance.

■ Where a grant refers to no land to which the easement can be appurtenant, but such land in fact exists, the fact of its existence may be established by evidence *aliunde* the deed to give effect to the grant. (*Ernst* v. *Allen,* 55 Utah 272 [184 P. 827].)

■ In connection with appellants' contention as above stated, we recognize that in the early case of *Wagner* v. *Hanna,* 38 Cal. 111 [99 Am. Dec. 354] (cited by appellants), the Supreme Court stated the rule to be: "Whether the grant of a right of way be in gross, or appurtenant to some other estate, must be determined from the grant itself, and not by matters *aliunde.*" Later cases however, including *Elliott* v. *McCombs, supra; Eastman* v. *Piper, supra; Balestra* v. *Button, supra;* and *Wright* v. *Best, supra,* clearly hold that evidence *aliunde* is admissible to show the nature of the right created and the intention of the parties as to whether an easement is appurtenant or in gross. ■ Words of inheritance are not essential in a grant to create an appurtenant easement. (Civ. Code, § 1072; Prob. Code, § 107; 116 A.L.R. 1074; 28 C.J.S. 637.)

■ Appellants also contend that the easement will be overburdened and for that reason the trial court abused its discretion in denying an injunction pendente lite. The trial court held that while this subject matter was within the framework of the complaint there was little evidence to support the granting of an injunction on that ground and that appellants had failed to present evidence to support their claim that irreparable damage and injury would result to the servient tenement if used in the manner contemplated by the respondents. While one the other hand, respondents without conflict established that if they were enjoined from using the right of way a financial loss of at least $200 per week would result.

We feel that the evidence amply supports the court's finding and hence there was not an abuse of discretion in denying an injunction pendente lite. A statement of the facts concerning this contention is as follows: Alfred Schofield testified that respondent Warren Raddatz "without seeking the permission or consent of either plaintiffs entered upon said quarter section of land with a scraper or bulldozer and scraped [the]

roadway leading through said quarter section of land and made cuts in the bank and disturbed the surface condition of the road," and that the other respondents without permission or consent drove over the road in question with automobiles, pickups and other vehicular equipment, raising dust which disturbed appellants' cattle so that they no longer grazed on the pasture in the vicinity of said roadway. This was the sole evidence relating to appellants' claim that irreparable damage and injury would result to the servient tenement by the use of the road in the manner contemplated by the respondents.

On the other hand, its appears that Silver and Yonash are the owners of the 40-acre parcel of land to which the roadway is appurtenant and that L. B. Raddatz entered into a contract with them for the purchase of the timber on said 40-acre parcel; that Bany Bros. Lumber Company, at the request of Warren Raddatz, the husband and agent of L. B. Raddatz, placed a portable mill on said land to mill the approximate 700,000 feet of timber thereon; that a month prior to using the roadway in controversy Warren Raddatz had a conversation with appellant Alfred Schofield, wherein Schofield said that respondents could use the road but that they could not widen it because they would exceed the 20-foot width of the right of way. He further testified that in preparing the road for use for a lumber mill operation he did not exceed the 20-foot width in scraping and widening the road but that it was much less than 20 feet in width. He also testified that he believed Bany Bros. used approximately nine men in the total mill operation, and that each day the mill was closed by virtue of the restraining order his wife was suffering a financial loss.

One Dorothy Bany testified that she kept the books of account of Bany Bros. and was quite familiar with them. She further stated that there was approximately 200,000 board feet of lumber at the mill site and that for each day the lumber mill operation was being held up there was a daily loss of approximately 1,000 board feet a day because of the loss of sap and warpage caused to the lumber. She stated that they were being paid $31 a thousand for all the lumber that was accepted, but by virtue of the lumber being held up at the mill there was a continuous daily loss and that the loss amounted to $200 per week.

The granting or denying of a preliminary injunction lies in the sound discretion of the trial court (*Christensen* v. *Tucker*, 114 Cal.App.2d 554 [250 P.2d 660]), and its action will not be disturbed on appeal except where it appears that

discretion has been abused. (*Isert* v. *Riecks,* 195 Cal. 569 [234 P. 371].) There was no showing that the appellants would suffer irreparable injury if the temporary injunction was denied or that it was necessary to preserve the estate of the parties (*Hagen* v. *Beth,* 118 Cal. 330 [50 P. 425] ; see also 27 Cal.Jur.2d 109, § 8), even though appellants may ultimately be entitled to a permanent injunction that fact would not necessarily mean that they were entitled to a preliminary injunction.

Applying these rules of law to the facts as hereinabove stated, the court did not abuse its discretion in denying a preliminary injunction and especially is this so when one takes into consideration that the grant of the right of way is general in character and without restrictions or reservations as to its use and that the damages shown to have existed on the part of the appellants was negligible as compared to the excessive damage that would result to the respondents if a preliminary injunction were granted.

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied December 21, 1959, and appellants' petition for a hearing by the Supreme Court was denied January 20, 1960.